JULIAN PASZKOWSKI *vs.* STONY BROOK PAPER COMPANY.

Hampden.     September 25, 1911. — October 17, 1911.

Present : RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability.     *Snow and Ice.     Notice.     Statute*, Repeal.

St. 1908, c. 305, providing, that the provisions of the highway act, requiring ten days' notice of an injury from a defect consisting in part of snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations caused by or consisting in part of snow or ice, applied to and modified R. L. c. 106, § 75, requiring sixty days' notice of an action under the employers' liability act, which was in force when it was enacted, and likewise applies to St. 1909, c. 514, § 132, embodying in substance the provisions of that section, which is to be treated as a continuation of it with its modification, although St. 1908, c. 305, is not referred to in St. 1909, c. 514. Consequently no action can be maintained under St. 1909, c. 514, § 127, by an employee against his employer for personal injuries alleged to have been caused by the unsafe condition of the defendant's premises by reason of accumulations of snow or ice without proving that the required notice was given to the defendant within ten days after the injury.

TORT under St. 1909, c. 514, § 127, for personal injuries alleged to have been sustained while the plaintiff was at work in the employ of the defendant. Writ dated March 21, 1910.

The third count was as follows:

" Count 3. And the plaintiff says that on or about the seventeenth day of February, 1910, he was in the employ of the defendant; that while he was so employed, and in the exercise of due care, he was hurt and injured by reason of his falling from a platform, which platform the defendant was obliged to keep in safe and suitable repair and condition, but which was not in a safe and suitable condition but was defective and unsafe, it being covered with snow and ice, that said defective and unsafe condition arose from or had not been discovered or remedied, owing to the negligence of the defendant, or of some person or persons in its employ, entrusted with the duty of seeing that such platform was in proper condition; that by reason of said injury the plaintiff has suffered great pain of body and anguish of mind; and that due notice of the time, place and cause of the injury aforesaid was given by the plaintiff to the defendant."

In the Superior Court the case was tried before *Sanderson*, J. The plaintiff offered to prove that the accident occurred on February 17, 1910, from the plaintiff falling on a platform of the defendant outside the defendant's paper mill, that the cause of his falling was snow and ice, or ice partly covered with snow, which was on the platform and had been there four or five days before the day of the accident, and that a notice in writing of the accident was given by the plaintiff's attorney to the defendant on March 21, 1910.

The plaintiff elected to rely only on the third count of his declaration, quoted above, and the judge on the plaintiff's offer of proof ordered a verdict for the defendant. The plaintiff alleged exceptions.

St. 1908, c. 305, provides as follows: " The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice."

The sections of the highway act above referred to provide

that in order to recover for bodily injury or damage to property sustained from a defect in a highway "the person so injured shall, within ten days thereafter, if such defect or want of repair is caused by or consists in part of snow or ice, or both, and in all other cases, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way, causeway or bridge in repair, notice of the time, place and cause of the said injury or damage."

R. L. c. 106, § 75, provided that "No action for the recovery of damages for injury or death under the provisions of sections seventy-one to seventy-four, inclusive, shall be maintained unless notice of the time, place and cause of the injury is given to the employer within sixty days." St. 1909, c. 514, § 132, contains in substance the same provision.

The case was submitted on briefs.

*J. O'Shea*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendant.

BRALEY, J.   The plaintiff concedes, that an action for personal injuries resulting from a defective condition of the premises which "is caused by or consists in part of snow or ice" cannot be maintained at common law since the St. of 1908, c. 305, unless within ten days after the injury, notice of the time, place and cause is given to the persons or corporations responsible therefor. *Baird* v. *Baptist Society*, 208 Mass. 29.   *O'Donoughue* v. *Moors*, 208 Mass. 473.   But having relied only on the third count of the declaration, which states a case under St. 1909, c. 514, § 127, governing under certain conditions the defendant's liability as an employer, he contends that the earlier statute is inapplicable.   The St. of 1908, c. 305, while broad and comprehensive, does not in terms purport to be an amendment of existing statutes, yet, as was said in *Baird* v. *Baptist Society*, 208 Mass. 29, "it must be held that its scope is not limited to defects in ways, public or private, for which a person or corporation may be answerable at common law, but extends to any defect upon the premises whether or not it be in a way." It was enacted when R. L. c. 106, §§ 70–75 were in force, which subsequently were codified with other laws, "relating to labor" by the St. of 1909, c. 514, §§ 127–132.   The Legislature when it passed the statute in question must be presumed to have

known of the provisions of the employers' liability act subjecting the employer, if notice was given within sixty days under § 75 of R. L. c. 106, to an action for damages for injuries caused to employees by defective ways, works and machinery, which of course would include the premises used in the business. It also had been decided, that, if the premises became unsafe from accumulated snow and ice, there was evidence for the jury under the statute of the defendant's negligence, and that, if the plaintiff's due care and the defendant's negligence were proved, he could have prevailed at common law, and resort to the statutory remedy did not enlarge the cause of action. *Ryalls* v. *Mechanics' Mills,* 150 Mass. 190.   *Urquhart* v. *Smith & Anthony Stove Co.* 192 Mass. 257.   It having been deemed expedient as the law stood to provide that the notice required by St. of 1908, c. 305, should be a condition precedent to recovery where the injury was caused in the manner described, no distinction was made as to the class of persons who might be affected, and § 75 having been modified accordingly, the defendant's liability to an action for damages depended upon compliance with the requirement, and not upon the form of procedure by which it could be enforced.   By the St. of 1909, c. 514, § 145, § 75 is repealed, but as § 132 of the codifying statute embodies in substance the provisions of § 75 it should be construed as a continuation rather than as a repeal and re-enactment of the previous law.   It is so declared by § 146, and this must have been the construction independently of the provision.   *Wright* v. *Oakley,* 5 Met. 400, 406.   *United Hebrew Benevolent Association* v. *Benshimol,* 130 Mass. 325, 327.   *Bear Lake Irrigation Co.* v. *Garland,* 164 U. S. 1, 12.

The plaintiff presses the argument, that by the omission in the general act of all reference to the St. of 1908, c. 305, the legislative intention was to supersede it, where the person injured was an employee of the owner of the premises.   But the statute not having been irreconcilable with existing laws before codification, it did not become repugnant when those laws were codified by the re-enactment of substantially similar provisions.   *Bear Lake Irrigation Co.* v. *Garland,* 164 U. S. 1, 12.   *Copeland* v. *Springfield,* 166 Mass. 498, 504, and cases cited.

The plaintiff having failed to bring himself within the condition, the action cannot be maintained, and the other questions raised are immaterial.

*Exceptions overruled.*