ETTA MALLEN *vs.* JAMES A. HOUSTON COMPANY.

Suffolk.    January 16, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence.    Snow and Ice.*

If a woman, who is walking on the sidewalk of a city street on a stormy morning when there has been a snow fall of about eight inches, sees a mass of snow and ice fall on the sidewalk in front of her, pauses a moment, steps back and then, receiving no warning by rope, guard or otherwise, proceeds on her course and is struck and injured by a mass of snow thrown from the roof of the adjoining building by a servant of the occupant of the building, she is not negligent as matter of law, and, in an action against such occupant for her injuries, the question of her due care is to be determined by the jury in the light of all the attendant conditions.

St. 1908, c. 305, providing that certain sections of the highway act, in so far as they relate to notices of injuries resulting from snow or ice, "shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice," has no application to an action against the occupant of a building for injuries caused by snow negligently thrown from the roof of such building by a servant of such occupant.

TORT, against a corporation occupying and using for its business a building on the corner of Washington Street and Temple Place in Boston, for personal injuries sustained by the plaintiff on January 15, 1910, shortly after eight o'clock in the morning, when the

plaintiff was walking on the sidewalk of Washington Street adjoining such building, from being struck by a mass of snow and ice alleged to have been negligently thrown by the servants and agents of the defendant from the top or from near the top of such building. Writ dated March 25, 1910.

In the Superior Court the case was tried before Dana, J. The defendant admitted that it was in charge and control of the premises on the day of the accident, and that the person who removed the snow and ice from the roof and the ledge of the building was working in its employ on that day. The material facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence and the pleadings in the case the plaintiff was not entitled to recover, urging among other grounds that the plaintiff had failed to prove notice by the plaintiff to the defendant, as required by law where snow or ice is involved.

The judge refused to make this ruling and submitted the case to the jury. At the request of the defendant two special questions also were submitted to the jury, which with the answers to them were as follows:

"1. Was Etta Mallen (the plaintiff in this action) struck by snow or ice or both while on the sidewalk on Washington Street in front of the defendant's store, and if so, was it snow or ice or both which fell from the defendant's building without actually being thrown down by any person working for the defendant? Answer Yes or No." The jury answered "No."

"2. Was Etta Mallen struck by snow or ice or both while on the sidewalk on Washington Street in front of the defendant's store, and if so, was it snow or ice or both which was thrown from the defendant's building by some person working for the defendant? Answer Yes or No." The jury answered "Yes."

The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

St. 1908, c. 305, is as follows: "The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such de-

fective condition is caused by, or consists in part of, snow or ice. Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions."

The case was submitted on briefs.

*M. O. Garner & J. W. Britton,* for the defendant.

*E. L. McManus, G. H. Lucey & J. F. Barry,* for the plaintiff.

RUGG, C. J.   There was evidence from which it might have been found that the plaintiff, while on the sidewalk of Washington Street in Boston, was struck by snow thrown from the defendant's building by one of its employees while removing an accumulation occasioned by a snow storm.

The defendant urges that the plaintiff is precluded from recovery because she was not in the exercise of due care.  This defense is based on the facts that the accident happened on a stormy morning, when there had been a snow fall of about eight inches, and that the plaintiff after seeing a mass of snow and ice fall on the sidewalk in front of her paused a moment, stepped back and then continued on her course without doing anything for her protection, and was injured.  There was evidence that no warning by rope, guard or otherwise was upon the sidewalk.  She was a traveller upon a public way, and was not bound to anticipate danger in going forward, even under the circumstances here disclosed.  It cannot be ruled as matter of law that the ordinarily prudent person must expect another fall of a mass of snow upon the sidewalk because there has been one such fall.  The circumstance that this came from the negligence of the defendant's servants was significant as bearing upon a reasonable probability that it would be repeated.  The due care of the plaintiff was to be determined as a fact in the light of all the attendant conditions.  *Linnehan* v. *Sampson,* 126 Mass. 506.  *Dipper* v. *Milford,* 167 Mass. 555. *Frost* v. *McCarthy,* 200 Mass. 445, and cases there collected.

The defendant further contends that as the plaintiff gave no notice to the defendant of her injury within ten days after it was received, she is precluded from recovery by St. 1908, c. 305.  This statute requires the notice set forth in R. L. c. 51, §§ 20–22, when an action is founded upon a defective condition of premises or an adjacent way caused by or consisting in part of snow or ice.

*O'Donoughue* v. *Moors,* 208 Mass. 473. *Baird* v. *Baptist Society,* 208 Mass. 29. *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86. There was no evidence tending to show that the plaintiff was injured by any defective condition either of the premises of the defendant or of the adjacent way. Her only contention was that she was struck by snow and ice tortiously thrown by the agent of the defendant in the course of his employment. This was not a condition but conduct. It is as if the defendant itself carelessly threw a snowball or a piece of ice by which she was injured. She grounded her case upon an intentional, intelligent and voluntary act of a human being, and not upon a passive condition or something set in motion by the forces of nature. The statute does not apply to such a situation as that here disclosed.

*Exceptions overruled.*