BOSTON AND ALBANY RAILROAD COMPANY & another *vs.* PUBLIC SERVICE COMMISSIONERS.

Suffolk.    January 14, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, & CARROLL, JJ.

*Statute*, Repeal. *Railroad. Union Station at Worcester.*

St. 1906, c. 463, entitled an act relative to railroad corporations and street railway companies, does not repeal either expressly or by implication the special statute, St. 1905, c. 422, providing for a new union passenger station in Worcester, and therefore a petition for a writ of mandamus addressed to the public service commissioners, commanding them to file their award to determine the rent to be paid for use of the Union Station in Worcester with the Supreme Judicial Court for revision under St. 1906, c. 463, Part II, § 140, must be dismissed.

PETITION filed on December 3, 1918, by the Boston and Albany Railroad Company and the New York Central Railroad Company for a writ of mandamus, commanding the public service commissioners to file an award made by them, fixing the rent for the use of the Union Station at Worcester to be paid by the Boston and Maine Railroad and the New York, New Haven, and Hartford Railroad Company, with the Supreme Judicial Court for revision under St. 1906, c. 463, Part II, § 140.

The case was heard by *Crosby*, J., who found the facts to be as stated in the petition and admitted in the answer. He ruled that St. 1906, c. 463, Part II, § 140, was not applicable to proceedings under the special statute, St. 1905, c. 422, and ordered that the petition be dismissed. At the request of the petitioners the single justice reported the case upon the petition and answer for determination by the full court.

*G. H. Fernald, Jr.,* for the petitioners.

*A. R. Tisdale,* for the Boston and Maine Railroad.

*F. A. Farnham,* for the New York, New Haven, and Hartford Railroad Company.

*W. H. Hitchcock,* Assistant Attorney General, for the public service commissioners, did not care to be heard and filed no brief.

BRALEY, J. It was said in *Copeland* v. *Mayor & Aldermen of Springfield,* 166 Mass. 498, 504, following *Brown* v. *Lowell,* 8 Met. 172, that "when special acts growing out of the peculiar wants, condition, and circumstances of the locality have been granted to a particular place, and afterwards a general law is passed having some of the same purposes in view, and extending them to places in which the special acts had no operation, whether the general act is an implied repeal of all repugnant special acts depends upon a careful comparison of the statutes and the objects intended to be accomplished, and, speaking generally, it requires 'pretty strong terms in the general act, showing that it was intended to supersede the special acts, in order to hold it to be such a repeal.'"

This canon of statutory construction governs the present case. The first union station in the city of Worcester was originally built under St. 1871, c. 343, which provided that certain railroad companies could unite in a station for the accommodation of the passenger traffic, and the Boston and Albany Railroad Company, one of the companies, was empowered to erect and keep the station in repair, and to acquire by purchase or by eminent domain whatever land was necessary for the site and suitable approaches, including the location of any street or way as the board of railroad commissioners determined to be necessary. By §§ 3 and 6, if the parties failed to agree, the board also was to determine what amount of rent should be paid to the Boston and Albany Railroad Company by the other corporations, and their award could be revised and altered from time to time at intervals of not less than three years upon petition by either corporation.

The next enactment relative to the station and the abolition of certain grade crossings in the city of Worcester is St. 1902, c. 508. But this statute as well as the amendatory St. of 1903, c. 115, made no change in St. 1871, c. 343, §§ 3, 6. A new union passenger station having become necessary, St. 1905, c. 422, authorized its construction and declared in § 1, that all the provisions of St. 1871, c. 343,

and acts in amendment thereof and in addition thereto, "except as herein otherwise provided, shall apply to said new union passenger station and the use thereof." The commission which had been appointed under St. 1902, c. 508, instead of making changes and alterations in the old station were authorized to prepare suitable plans, drawings and specifications for a new union station which the Boston and Albany Railroad Company was required to build and complete ready for use within three years after the report of the commission had been confirmed by final decree. By § 2 of St. 1905, c. 422, the new station was to be used by all the railroad companies then entering the city for which use they were to pay to the Boston and Albany Railroad Company "its lessee, successors or assigns, a reasonable rent for the use thereof, which, if not agreed upon by the parties, shall be determined, and may be revised and altered from time to time at intervals of not less than three years, by the board of railroad commissioners upon a petition presented . . . by either of said corporations."

The new station having been completed and occupied, a dispute arose over the amount of rent to be paid by the Boston and Maine Railroad and the New York, New Haven, and Hartford Railroad Company, and thereupon the Boston and Albany Railroad Company petitioned the respondents, who have succeeded to all the powers and duties of the board of railroad commissioners, to settle the controversy. The decision being unsatisfactory to the petitioner, it requested the commissioners to file their award in this court where it could be revised as provided in St. 1906, c. 463, Part II, § 140, which reads as follows: "If one railroad corporation occupies or uses, or has a right to occupy, enter upon and use, a station, railroad or grounds of another, or any portion thereof, the board of railroad commissioners, upon petition of either party, and after notice to the other, and a hearing, shall determine the compensation to be paid for such occupancy and use. Its award shall be binding upon the parties thereto for five years, and thereafter until it shall be revised or altered by said board, and upon the request in writing of a party affected thereby, filed within thirty days after the rendering thereof, the award shall be filed in the Supreme Judicial Court which shall have jurisdiction to revise the same as if the award had been made by a commission appointed by said court."

But St. 1906, c. 463, while entitled an act relative to railroad corporations and street railway companies, does not purport by § 258 of Part II, to repeal St. 1905, c. 422.  Nor does any implied intention appear to do away with a system of construction, occupation and rental devised and adapted for a particular union station where no general public exigency appears to have arisen calling for any repeal or modification.  If the history of the codifying statute is traced, it appears that when St. 1905, c. 422, was enacted, R. L. c. 111, § 181, was in force which contained the same provisions as to joint occupation of union stations as § 140.  The Legislature, who must be presumed to have known of R. L. c. 111, § 181, decided to enact the special statute instead of leaving the interested corporations to proceed under the general law if they could not agree among themselves as to the share of the rent which each should pay.  *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86, 88, 89.  The special statute at the time of its passage not having been repugnant to existing laws, it did not become repugnant and irreconcilable by the re-enactment of the same general provisions. *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86, 89.

The single justice having correctly ruled that as matter of law mandamus would not lie to compel the respondents to act under St. 1906, c. 463, Part II, § 140, the petition should be dismissed.

*So ordered.*