REBECCA MILLER *vs.* DORA L. ROSENTHAL.

Essex. January 26, 1927. — January 27, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Way,* Public: defect, notice. *Notice. Practice, Civil,* Amendment.

The giving of the notice required by G. L. c. 84, § 21; St. 1922, c. 241, is a condition precedent to the existence of a cause of action in tort against an individual for personal injuries resulting from slipping on ice alleged to have been accumulated on a sidewalk by the defendant; and an action for such injuries begun by a writ which was dated, and by virtue of which an attachment was made, before the giving of such a notice cannot be maintained; nor can the writ in an action so begun be amended after entry by substituting as its date a date subsequent to the giving of the notice.

TORT for personal injuries. Writ dated March 7, 1923.

In the Superior Court, the action was tried before *Quinn*, J. It appeared that by virtue of the writ described in the opinion an attachment of real estate of the defendant was made on March 7, 1923. Other material facts are stated in the opinion. By order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*E. J. Carney*, (*D. P. Israel* with him,) for the plaintiff.

*J. J. Ronan*, for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries resulting from slipping upon ice negligently accumulated on a sidewalk by the defendant. The injury was sustained on March 6, 1923. The writ was dated on March 7, 1923. A notice was alleged to have been given pursuant to G. L. c. 84, § 21, as amended by St. 1922, c. 241, on March 8, 1923. The giving of the notice in a case like the present is a condition precedent to the existence of the cause of action. Injury alone cannot have life as a cause of action until after compliance with that condition. *Baird* v. *Baptist Society*, 208 Mass. 29, 31. *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86, 89. *Sweet* v. *Pecker*, 223 Mass. 286. *Tobin* v. *Taintor*, 229 Mass. 174. *Rankin* v. *Wordell & McGuire Co.* 254 Mass. 109. Since the writ was brought before the notice was served, no cause of action existed at the date of the writ. *Veginan* v. *Morse*, 160 Mass. 143, 146. *Healey* v. *George F. Blake Manuf. Co.* 180 Mass. 270. When the writ was brought, there was no cause of action.

There was no error in the denial of the motion to amend the writ by substituting a date subsequent to the giving of the notice. *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277. See also *Friedenwald Co.* v. *Warren*, 195 Mass. 432, and *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 48.

*Exceptions overruled.*