FRANK KLEIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   February 6, 1935. — January 28, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Street railway, One owning or controlling real estate, Contributory. *Snow and Ice. Practice, Civil,* Amendment.

On the evidence, it was a question of fact for the jury whether a street railway company had used proper care to sand ice constantly forming on its station platform in a sleet storm.

On evidence that a passenger of a street railway company failed to see ice on a station platform, slipped and was injured, it was for the jury to pass on the question of his contributory negligence.

In an action for injury caused by ice on a station platform, the plaintiff's declaration not alleging the giving of the notice required by G. L. (Ter. Ed.) c. 84, § 21, might be amended by leave of court so as to make that allegation.

At the close of the trial of an action, in passing upon a motion to amend the declaration, the judge need not weigh the evidence showing the facts alleged in the proposed amendment, but may allow it if he finds that, as amended, the declaration will describe the cause for which the action was intended to be brought; and the determination of such facts is for the jury.

TORT.   Writ dated April 15, 1930.

The action was tried in the Superior Court before *Keating,* J.   The verdict for the plaintiff was in the sum of $5,000.

*J. E. Hannigan,* for the defendant.

*J. J. O'Hare,* for the plaintiff.

DONAHUE, J.   The plaintiff's declaration alleges "that on or about the 18th day of January, 1930, he received severe personal injuries on account of the negligence of the defendant company, its agents and servants."   The case was tried in the Superior Court before a jury.   A special question submitted to the jury asking whether written notice of the time, place and cause of the plaintiff's injury was given by the plaintiff or his wife and received by the defendant was answered in the affirmative, and a verdict returned for the plaintiff.   The trial judge reported the

case to this court on a stipulation which provided that if the defendant's "motion for a directed verdict should have been allowed, verdict is to be entered for the defendant. If . . . there was an error prejudicially affecting the rights of the defendant in the refusal to grant any of the requests of the defendant for rulings and instructions a new trial shall be granted. If . . . the denial of the defendant's motion for a directed verdict was correct and . . . there was no prejudicial error in the refusal to grant any of the defendant's requests for rulings and instructions, the verdict returned by the jury for the plaintiff is to stand."

The following facts were not in dispute. The plaintiff arrived at the Columbia station, one of the stations of the so called Dorchester-Cambridge Tunnel, at about 11:15 in the forenoon of January 18, 1930. He paid his fare, entered the station and then walked along the platform about fifty feet from the entrance toward the rear car of a four-car train which was standing on the east side of the platform waiting for passengers bound in town. When he was near the rear door of the rear car he slipped on ice on the platform and was injured. The Columbia station is not underground and has an open platform about twenty-three feet wide, where trains going in town stop on the east side and trains going in the opposite direction on the west side. Trains stop there to receive and discharge passengers on either side every three and a half minutes. The platform was protected from the weather only by a roof which did not go beyond the edge of the platform. On the east of the station is Dorchester Bay which is a short distance away. At the time of the plaintiff's accident it was raining and sleeting and the temperature was below the freezing point. The official weather report from the Boston Weather Bureau showed that it had been freezing or near freezing from seven o'clock that morning until noon, and that from eight to eleven the wind was southeast and after eleven it was east.

There was evidence introduced by the plaintiff which warranted the jury in finding the following additional facts. The plaintiff walked from the entrance in the center of the

platform until he came to the open door of the rear car where he turned to enter it. He walked along at an ordinary gait with his hands in his pockets looking down ahead of him to see where he was stepping and saw "nothing dangerous." At the place where the plaintiff slipped and fell there was a formation of ice which was about an inch thick at the edge of the platform and extended on the platform to a point about two or three feet from its edge at which point it was thinner. There was no sand where the ice was on which the plaintiff fell.

The station was not the property of the defendant and it was not responsible for the method of its construction. The defendant admitted, however, that it was responsible for the reasonable care of the station. An inspector of the defendant, a part of whose duties it was to see that the station platforms were kept clean, was at the station in question on the day of the plaintiff's accident from twenty-five minutes of ten o'clock until after ten. He testified that there was a formation of ice all along the edge of the platform, that the rain was coming in on that side of the platform, freezing as it fell, that he spread sand along the edge of the platform but that the rain continuing to come on the platform froze over the sand. A porter of the defendant, whose place of work was at that station when the weather was stormy, testified that he came to the station that morning about twenty minutes after ten and spent half an hour sanding the easterly side of the platform.

It was the duty of the defendant to maintain its platform in a reasonably safe and suitable condition for its patrons who were rightfully using it. *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273. *Fournier* v. *New York, New Haven & Hartford Railroad*, 286 Mass. 7, 12. *Ward* v. *Boston Terminal Co.* 286 Mass. 517. On the evidence it could not here have been properly ruled as matter of law that the defendant performed this duty. The accident happened near the middle of the day. There was a formation of ice along the edge of the platform where passengers in boarding or leaving cars must of necessity go. It was

not of temporary or transient existence. It was the result of conditions of weather and temperature which had existed for hours. The special danger from ice at that particular place was known to the defendant, and its employees charged with the duty of maintenance had made ineffective efforts to remedy it. The jury was not obliged to accept the implication from the testimony of the inspector of the defendant that the condition was irremediable by the use of reasonable care. The fact that the storm had not ceased did not as matter of law relieve the defendant from the duty of making safe a place which the storm had rendered unsafe. *Foster* v. *Old Colony Street Railway*, 182 Mass. 378. *Kingston* v. *Boston Elevated Street Railway*, 207 Mass. 457. *Parker* v. *Middlesex & Boston Street Railway*, 237 Mass. 291.

It could not rightly have been ruled as matter of law that the defendant had sustained the burden of proving contributory negligence on the part of the plaintiff. The fact that the plaintiff did not observe the dangerous condition of the platform did not in the circumstances appearing require the ruling of law that he was negligent. *Frost* v. *McCarthy*, 200 Mass. 445, 448. *Rice* v. *Rosenberg*, 266 Mass. 520, 524. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50.

Such of the defendant's requests for rulings on this branch of the case as have been argued need not be discussed in detail. They are disposed of by what has here been said.

Evidence introduced by the plaintiff tended to show that his injuries were caused by a defective condition of premises within the defendant's control, due to the presence of ice on the platform. The statutes make it a condition precedent to recovery in an action brought to recover damages for an injury caused by ice that a written notice of the time, place and cause of the injury be given to the defendant. G. L. (Ter. Ed.) c. 84, § 21. *Miller* v. *Rosenthal*, 258 Mass. 368. The giving of such a notice must be pleaded. *Baird* v. *Baptist Society*, 208 Mass. 29, 32. The original declaration filed by the plaintiff and his specifications filed by order of court contained no allegation

that notice of the time, place and cause of his injury had been given to the defendant. Near the close of the plaintiff's case he proposed to show through the testimony of his wife that a written notice of the time, place and cause of his injury had been given to the defendant. The defendant objected without then taking exception, apparently on the ground that the plaintiff's declaration and specifications did not refer to the presence of ice as the cause of the plaintiff's injury. The judge reserved to the plaintiff the right to recall the witness when an amendment to the declaration should be offered by the plaintiff and stated that such an amendment alleging the giving of notice to the defendant would be allowed. Later the witness was recalled. Her testimony warranted a finding that she on behalf of her husband and with his knowledge seasonably mailed to the defendant and the defendant received (*Briggs* v. *Hervey,* 130 Mass. 186, 188; *Avisais's Case,* 285 Mass. 56, 58) a written notice which conformed to the requirements of the statute. The defendant introduced evidence which tended to show that it received no such notice. After the testimony as to notice had been given the defendant presented two requests for rulings in respect to notice. These were denied by the judge subject to the defendant's exceptions. The defendant in its brief has waived the exception to the refusal to give the first request. The second request read as follows: "If the proposed amendment is to be supported only by evidence not believed by the judge the amendment should not be allowed." The judge, as he had earlier said he would, allowed the plaintiff's motion to amend his declaration by adding the allegation that notice had been duly given to the defendant. He rightly submitted to the jury for its decision on conflicting evidence the question of fact whether a notice had been given on behalf of the plaintiff and received by the defendant and no exception was taken by the defendant to the instructions given on this subject.

The sole question presented for decision to the trial judge in passing upon the plaintiff's motion to amend his declaration was whether the proposed amendment enabled the plaintiff to maintain the action for the cause for which it

was originally intended to be brought.   G. L. (Ter. Ed.) c. 231, § 51.   The cause for which the plaintiff originally intended to bring his action manifestly was a defective condition of the defendant's platform.   Without an amendment, by reason of the statute which makes the giving of notice a condition precedent to recovery where ice is the cause of an injury and the pleading of such notice necessary, the plaintiff on the pleadings as they stood was unable to recover.   The cause for which the plaintiff was permitted to recover after the amendment was the same as it was before, that is, the defective condition of the platform. The allowance of the motion was within the power and discretion of the trial judge.   *Shapiro* v. *McCarthy*, 279 Mass. 425, 428.   *Melanson* v. *Smith*, 282 Mass. 85.   *Nolan* v. *New York, New Haven & Hartford Railroad*, 283 Mass. 156, 157.   The defendant contends that the judge did not pass upon the question of the identity of the intended cause of action when the writ was brought and the cause of action as pleaded after the amendment, and that he left the question of identity to be decided by the jury.   Before the receipt of evidence as to the giving of notice the judge had stated that he would allow an amendment alleging notice.   Its allowance was an exercise of his discretion. No question of the identity of the causes of action before and after the amendment was submitted to the jury.   What was left to its decision was a different question, namely, whether the notice required by the statute had in fact been given by the plaintiff and received by the defendant.   There was no error in refusing to give the defendant's request.

The denial of the defendant's motion for a directed verdict was proper and there was no error in the refusal to grant any of the defendant's requests for rulings and instructions.   Under the stipulation judgment must be entered on the verdict.

*So ordered.*