EDWARD E. WALSH *vs.* THE RIVERWAY DRUG STORE INC.

DOROTHY B. WALSH *vs.* SAME.

Suffolk.    March 2, 1942. — April 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Negligence,* Store, One owning or controlling real estate. *Snow and Ice.*

A customer was not entitled to maintain an action against the proprietor of a store for personal injuries sustained in a fall in the store caused wholly or in part by slipping upon snow and ice in sweepings on the floor, where he had not given the notice in writing required by G. L. (Ter. Ed.) c. 84, § 21.

TWO ACTIONS OF TORT. Writs in the Superior Court dated April 11, 1939.

The cases were tried together before *Sheehan,* J.

*J. Z. Doherty,* for the defendant.

*J. H. Devine,* (*J. R. Spence* with him,) for the plaintiffs.

RONAN, J. The plaintiff in the second action seeks to recover damages for personal injuries sustained by her when she slipped upon the floor of the defendant's drug store, after making some purchases, as she was on her way to the street. Her husband, the plaintiff in the first case, seeks consequential damages. Verdicts for the plaintiffs were recorded with leave reserved. The defendant excepted to the refusal of the judge to enter verdicts in its favor.

The female plaintiff, whom we shall refer to as the plaintiff, when she entered the store about 5:15 P.M. on the afternoon of February 22, 1939, saw one of the defendant's clerks sweeping the floor. After making several purchases she started to leave the store, when her foot slipped and she fell to the floor. Her fall was caused "by water and debris that was on the floor, that it was a pile of dirt composed of papers, general sweepings, water and snow." On cross-examination she testified that "the pile was composed of water, debris, snow and ice, and dirt, that by debris she meant papers or cigarette stubs, or matches, and that she saw some paper wrappings." After she fell she saw the pile was scattered, and she saw a heel mark in the debris which had been made by her shoe. It was not snowing at the time of her accident but there was snow and ice on the ground. We disregard the evidence of the defendant's witnesses that there was nothing on the floor that would cause one to fall and that after the plaintiff fell there was a piece of ice upon the heel of her shoe, because the jury could have disbelieved all of the testimony introduced in behalf of the defendant. Upon a motion for a directed verdict for a defendant we must view the evidence in the light most favorable to the plaintiff.

We have stated all the evidence given by the plaintiff in reference to the cause of her fall. She slipped upon a pile of dirt which, according to her own testimony, was composed of ice and snow together with other substances. This is not a case where she made inconsistent statements concerning the composition of the pile and a jury could select

which statements to believe, but is an instance where her testimony will not support an inference that there was no snow or ice in the pile or that her injury was due entirely to some substance other than snow or ice. The testimony upon this specific phase of the case is too plain to be fairly susceptible of more than one meaning. *Ebert* v. *Haskell*, 217 Mass. 209, 212. *Kettleman* v. *Atkins*, 229 Mass. 89. *Shannon* v. *Ramsey*, 288 Mass. 543, 548. *Carlen* v. *Gaw*, 292 Mass. 398. *Mosher* v. *Cape Ann Savings Bank*, 309 Mass. 512.

We need not consider the effect of the pre-trial report, which was read to the jury by the plaintiff's counsel and purported to show that the plaintiff's claim was that she slipped on snow, ice, water and debris upon the floor of the defendant's store. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76.

It is plain that, as the plaintiff's injury was caused either entirely or in part by the presence of snow or ice upon the defendant's premises, she was not entitled to recover unless she gave the defendant a written notice of the time, place and cause of her injury within thirty days thereafter. G. L. (Ter. Ed.) c. 84, § 21. *Baird* v. *Baptist Society*, 208 Mass. 29. *Miller* v. *Rosenthal*, 258 Mass. 368. *Urban* v. *Simes*, 259 Mass. 336. *Sharp* v. *Giesow*, 265 Mass. 506. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353.

Neither plaintiff gave any written notice and there was error in refusing to enter verdicts for the defendant. *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143.

*Exceptions sustained.*
*Judgments for defendant.*