# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

ALBERT COPELAND *vs.* CADILLAC AUTOMOBILE COMPANY OF BOSTON. November 2, 1943. Judgment on the verdict for the defendant. This is an action of tort brought in the Superior Court to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of slipping on an accumulation of ice on the sidewalk adjacent to the premises of the defendant. The case was tried before a judge and a jury. Upon motion of the defendant a verdict was directed for the defendant. The judge reported the case for the determination of this court upon the stipulation of the parties that if there was error in the direction of a verdict, judgment should be entered for the plaintiff in the sum of $1,500, otherwise judgment should be entered on the verdict. The verdict was directed rightly. It was an essential element of the plaintiff's case that the plaintiff should have given notice to the defendant of the time, place and cause of the plaintiff's injury. G. L. (Ter. Ed.) c. 84, §§ 18, 19, 20, as appearing in St. 1933, c. 114. G. L. (Ter. Ed.) c. 84, § 21. *Walsh* v. *Riverway Drug Store Inc.* 311 Mass. 326, 328, and cases cited. The evidence did not warrant a finding that such notice was given. For this reason, if for no other, the plaintiff cannot maintain his action. Judgment must be entered on the verdict for the defendant.

F. A. Thayer & R. F. Barrett, for the plaintiff, submitted a brief.
R. L. Mapplebeck, for the defendant.