ELLIOTT WHALEN *vs.* RAILWAY EXPRESS AGENCY,
INCORPORATED.

Suffolk.    April 8, 1947. — June 4, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Snow and Ice. Notice. Negligence,* One owning or controlling real estate;
Employer's liability: effect of workmen's compensation act. *Work-
men's Compensation Act,* Action against uninsured employer. *Words,*
"Premises."

A loading platform at a railroad station in control of an express corpora-
tion constituted "premises" of the corporation to which G. L. (Ter.
Ed.) c. 84, § 21, applied; and, in an action against the corporation
for injuries sustained on the platform in slipping on cardboard under
which was ice, the burden was on the plaintiff to prove the giving of
the notice required by the statute.

The provision of G. L. (Ter. Ed.) c. 84, § 21, applied to a defective con-
dition of a loading platform caused by ice which had not formed
from natural causes but had fallen there during the packing of a pipe
leading to a drinking fountain or in loading operations and had been
negligently suffered to remain.

The workmen's compensation act, G. L. (Ter. Ed.) c. 152, does not make
§ 21 of G. L. (Ter. Ed.) c. 84 inapplicable to a common law action
by an employee against his employer.

TORT. Writ in the Superior Court dated March 7, 1945.
The case was tried before *Swift,* J.

*M. Carchia,* for the plaintiff.

*A. M. Pinkham,* (*D. F. McNeil* with him,) for the de-
fendant.

WILKINS, J. The plaintiff, an employee of the defendant,
was hurt, while at work on the defendant's premises, by
reason of slipping on a piece of cardboard beneath which was
a small piece of ice. In this action of tort the plaintiff
neither alleged nor proved that he had given notice in ac-
cordance with G. L. (Ter. Ed.) c. 84, § 21. The judge
directed a verdict for the defendant, and, in accordance
with a stipulation of the parties, reported the case to this
court, on the terms that, if his ruling was in error, judgment
is to be entered for the plaintiff in an agreed amount, other-
wise judgment is to be entered for the defendant.

The material provisions of G. L. (Ter. Ed.) c. 84, § 21, are: "The three preceding sections, so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice; provided, that notice within thirty days after the injury shall be sufficient . . .." The three preceding sections relate to the requirement of a written notice by a person injured by reason of a defect or want of repair in a public way. [1]

From the evidence summarized in the report, it could have been found that on March 26, 1943, the plaintiff, a truck driver employed by the defendant, was in the course of his employment upon a platform at the South Station on Atlantic Avenue, Boston, engaged in loading a truck; that the platform was in the defendant's control; that with the aid of a helper he had pulled a "Red Cross container" across the platform and was stooping to lift it onto the truck when "he slipped on a dirty piece of cardboard concealed under which was a piece of ice about three inches square"; that the ice was dirty and the general area at which the plaintiff fell was dirty; that there were forty to fifty pieces of ice on the platform; and that the ice had not formed on the platform from natural causes, but had fallen there during the packing of a pipe leading to a drinking fountain or in some loading operations, and had been negligently suffered to remain.

The burden under G. L. (Ter. Ed.) c. 84, § 21, is upon the person injured to allege and prove that notice was given before the action was commenced. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354, and cases cited. The loading platform constituted premises within the meaning of that section. *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86. *Erickson* v. *Buckley*, 230 Mass. 467. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238.

The plaintiff contends that the scope of the statute is

[1] G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1; § 19, as amended by St. 1933, c. 114, § 2; § 20, as appearing in St. 1933, c. 114, § 3, as amended by St. 1939, c. 147.

limited to snow or ice which appears at the place of injury through natural causes. This issue, however, has been decided contrary to his contention in *DePrizio v. F. W. Woolworth Co.* 291 Mass. 143, 147, where, with reference to the statute, it was said, "It imposes no limitations upon the cause of the presence of the snow or ice. . . . The natural implication is that it applies to all snow and ice made the basis of action, whether inside or outside the building and whether of natural or artificial origin." *Walsh v. Riverway Drug Store Inc.* 311 Mass. 326. The fact, if it was a fact, that the ice fell to the platform through the affirmative act of someone for whom the defendant was responsible is immaterial. Cases are distinguishable where injuries were sustained by being struck by snow or ice through misfeasance and did not arise from a defective condition of the premises. See, for example, *Mallen v. James A. Houston Co.* 211 Mass. 298.

There is nothing in the contention that the workmen's compensation act, G. L. (Ter. Ed.) c. 152, effected an implied repeal of G. L. (Ter. Ed.) c. 84, § 21, in common law actions by an employee against an employer. See *Paszkowski v. Stony Brook Paper Co.* 210 Mass. 86.

The plaintiff's remaining contentions are not sustained by the record.

*Judgment for the defendant.*