CLARA E. SMITH *vs.* JACOB HIATT & another.

Worcester. September 23, 1952. — November 28, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Snow and Ice. Notice. Negligence*, One owning or controlling real estate.

An action against husband and wife by a nurse employed in their home for personal injuries sustained through slipping on ice from the refrigerator negligently dropped or left on the kitchen floor by the wife, who was present at the time of the accident and knew of it, was barred by failure of the plaintiff to give written notice of the time, place and cause of the injuries pursuant to G. L. (Ter. Ed.) c. 84, § 21.

TORT. Writ in the Superior Court dated September 10, 1947.

The action was tried before *Beaudreau*, J.

*Stanley B. Milton*, (*Robert C. Milton* with him,) for the defendants.

*Nunziato Fusaro*, for the plaintiff.

WILLIAMS, J. This is an action of tort to recover compensation for personal injuries. After the return of a verdict for the plaintiff under leave reserved the judge denied, subject to their exception, a motion of the defendants for the entry of a verdict in their favor.

There was evidence that the plaintiff was employed by

the defendants, who were husband and wife, in their home in Worcester as a practical nurse to care for their newborn baby. On the morning of July 17, 1946, the plaintiff went to the kitchen to prepare milk for the baby. She there found the defendant Mrs. Hiatt who had been defrosting the refrigerator. There was ice on the floor which Mrs. Hiatt either had dropped or had failed to remove after it had fallen from the refrigerator. The plaintiff slipped on the ice and was injured. We assume that the evidence was sufficient to warrant a finding that the plaintiff was in the exercise of due care and that Mrs. Hiatt was negligent. No written notice of the time, place, and cause of the injury under G. L. (Ter. Ed.) c. 84, § 21, was given by the plaintiff to either of the defendants.

The only question presented is whether in the circumstances such notice was required and was a condition precedent to the right to maintain this common law action for negligence. In *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, it was decided that the statutory notice must be given where a personal injury was caused by a defective condition within the defendant's building created by snow which had been tracked in from the outside. It was there said (page 147) that the statute "applies to all snow and ice made the basis of action, whether inside or outside the building and whether of natural or artificial origin." See also *Walsh* v. *Riverway Drug Store Inc.* 311 Mass. 326, 328; *Whalen* v. *Railway Express Agency, Inc.* 321 Mass. 382. The injury to the plaintiff was caused not by the tortious act of either of the defendants in throwing ice which struck the plaintiff, as in *Mallen* v. *James A. Houston Co.* 211 Mass. 298, but by the defective condition of the floor. The plaintiff's action is founded upon this condition and she is not relieved from giving the written notice required by the statute either by the fact that Mrs. Hiatt's negligence caused the defective condition or that Mrs. Hiatt was personally present and knew of the plaintiff's fall.

*Exceptions sustained.*

*Judgment for the defendants.*