*Daniel S. Fram*, for the plaintiffs.

JOHN F. NASON, JUNIOR, *vs.* BOSTON GARDEN ARENA CORPORATION. January 2, 1958. Exceptions overruled. The plaintiff, a minor thirteen years of age at the time of the accident, went on a Sunday afternoon in November, 1947, with a group of companions to a private indoor skating rink, the ice surface of which was formed by flooding the concrete floor and freezing the water. The plaintiff began skating about two o'clock. The rink was two hundred fifty feet long and eighty to one hundred feet wide, and at times during the afternoon there were between seven and eight hundred skaters. Sometime after three thirty o'clock the ice surface became deteriorated. It had developed cracks. Pools of water appeared and so did a few bare spots. While the plaintiff was skating there was a group of seven or eight boys who were chasing each other, playing tag, skating in and out of line at considerable speed, and bumping into at least ten other skaters. No one in charge of the rink interfered with their conduct. While the plaintiff was skating near the end of the rink one of this group bumped into him, causing him to lose his balance. One of his skates got caught in one of the cracks in the ice causing him to fall on the ice, and another skater ran over his fingers. Under our law as it then stood, G. L. (Ter. Ed.) c. 84, § 21 — see now St. 1955, c. 505 — the plaintiff could not prevail in the absence of notice to the defendant of the time, place, and cause of the injury. Section 21 applied to all snow or ice made the basis of action, "whether inside or outside the building and whether of natural or artificial origin." *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, 147. *Walsh* v. *Riverway Drug Store Inc.* 311 Mass. 326. *Smith* v. *Hiatt*, 329 Mass. 488, 489. There was no error in the direction of a verdict for the defendant.

*Dwight L. Allison*, for the plaintiff, submitted a brief.

*Walter I. Badger, Jr.*, (*Philip W. Bouchard* with him,) for the defendant.