PAUL DAMBERGS *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. January 2, 1969. The allowance of the defendant's motion for a directed verdict raises the sole question whether the following evidence warranted a finding that the defendant was negligent. December 13, 1963, was a windy, freezing day during which the ground was covered with eight to ten inches of snow. The plaintiff, returning home from work, boarded the defendant's bus at Forest Hills. At 7:30 P.M. as he was leaving the bus by the steps near the driver, he slipped on the lowest step, fell and was injured. On the "last step" there was an accumulation of ice "one inch thick, one-half foot long, five or six inches wide and a little bit round, frozen hard." There was no error. The bill of exceptions does not disclose whether the "last step" was inside or outside the bus door when closed. Apart from the uncertainty which follows from this omission, the evidence left to conjecture and not to reasonable inference the essential element that in light of all circumstances the condition on the step of the bus had existed long enough so that the bus driver in the exercise

of reasonable diligence should have known of it. See *Allan* v. *Essanee, Inc.* 309 Mass. 1, 6–7, for discussion of the rule as applied in cases of variable weather. *Klein* v. *Boston Elev. Ry.* 293 Mass. 238, 241, relied upon by the plaintiff, deals with visible conditions on the platform of an outdoor station rather than with a step on a vehicle picking up and discharging passengers in storm conditions.

*Exceptions overruled.*

*Edgar Brenc* for the plaintiff.
*Thomas L. Sullivan* for the defendant.