BETTY LOWE *vs.* NATIONAL SHAWMUT BANK OF BOSTON, executor, & another.[1]

Essex.   September 11, 1972. — February 12, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Common passageway.   *Evidence,* Judicial notice.

The duties of a landlord toward a tenant or one having his rights are properly measured in terms of "reasonable care."   [77]

Judicial notice cannot be taken that a tile floor is inherently defective when wet.   [78]

An inference of negligence on the part of the owners of a building toward one intending to make a purchase at a tenant's store therein who was injured one rainy evening when she slipped on the wet slippery tile on the floor of a common passageway leading to the store was not warranted by evidence merely that the owners had replaced with tile the "old rough wood floor" which was in the passageway at the time of the creation of the tenancy and which was safer to walk on when wet than the tile.   [77–79]

TORT.   Writ in the District Court of Lawrence dated September 8, 1965.

The action was heard by *Glaser, J.*

*Salvatore J. Basile* (*Marco J. Pettoruto* with him) for the plaintiff.

*Edward R. Butterworth* (*Arthur J. Palleschi* with him) for the defendants.

[1] Because of the death of William R. Hill, The National Shawmut Bank of Boston, as executor of his estate, had been substituted as a party defendant, during review by the Appellate Division.

HENNESSEY, J.   This is an action of tort in which the plaintiff seeks to recover for injuries sustained when, as a result of the alleged negligence of the defendants, she slipped and fell on a common passageway owned and controlled by the defendants.

At the close of trial before a District Court judge, the defendants filed certain requests for rulings of law. Among these requests was the following: "A finding is not warranted that the defendants failed to use reasonable care to keep the common passageways in their control in the same condition they were or appeared to be at the time of the creation of the tenancy of the Andover Thrift Shop."

The judge denied this request and found for the plaintiff in the amount of $18,404.   The judge found "as a fact" that "the [d]efendant[s] negligently allowed this condition to exist and failed to keep the common passageway in as safe a condition as it was at the time the tenancy began."   The defendants requested a report.   The Appellate Division ruled that there was prejudicial error in the denial of the requested ruling, and entered the following order: "Finding for the plaintiff vacated and finding entered for the defendant[s]."   The plaintiff appealed.

The facts, as summarized in the report of the trial judge to the Appellate Division, are as follows: The defendants purchased the building at 26 Chestnut Street, Andover, in January, 1963.   At that time, the Andover Thrift Shop was a tenant at will and became a tenant at will of the defendants.   Entrance to the Andover Thrift Shop was effected by going through a door on Chestnut Street over a common passageway behind the door, about eight feet by eight feet, then down two steps onto another part of the common hallway of about the same dimensions and through the door of the Andover Thrift Shop.

At the time that the tenancy was created between the defendants and the Andover Thift Shop, the entire hallway described above was constructed of wood planks about four inches wide.   There was a space of about one-

sixteenth or one-eighth of an inch between the planks. The wood floor was safe and was never slippery when wet.

Both defendants participated in the management of the building. The Andover Thrift Shop paid the rent to both the defendants. Each defendant acted for the other and in his behalf when necessary. The defendants were in control of the common passageway.

Shortly after the defendants purchased the building they remodeled it.[2] Various changes were made. The walls were replaced. The "old rough wood floor" in the passageway was covered with vinyl or asphalt tile — "just like the floor in the [c]ourtroom." After the wood floor was covered with the tile it was very slippery when wet. The defendants, and their employees, were told on various occasions before the accident that the floor was in a very slippery and dangerous condition when wet. A janitor employed by the defendants was told by a tenant prior to the plaintiff's injury "that something must be done about it or somebody would get hurt." There was no evidence of a defect or wear or other condition not natural to the tile floor. It was raining hard on the evening of the accident at about 7 P.M. when the plaintiff entered the building. She was intending to make a purchase at the Andover Thrift Shop. She was wearing her store uniform, white hose, and white shoes that had "low, low heels" and composition soles. She did not wear any rubbers.

The plaintiff entered the doorway and walked slowly in the hallway. She saw the water on the floor. She could not say if the water blew in when she opened the door. She carefully walked to the right, to the handrail by the two steps. She placed her hand on the handrail and proceeded to descend the two steps to the lower hallway. When she arrived on the lower hallway, she took two steps and her left foot slipped on the wet slippery tile and she landed on the floor sustaining her injuries.

---

[2] No argument has been advanced before us that a new tenancy began with the remodeling.

1. It is clear that the defendants are at least entitled to a new trial, since the report of the trial judge reveals that he incorrectly concluded that the defendants were negligent because they "failed to keep the common passageway in as safe a condition as it was at the time the tenancy began." The duties of the defendants are properly measured in terms of "reasonable care," as in the following statement of the rule: "The common law duty of the landlord with regard to common areas is well settled: he must use reasonable care to keep them in as good a condition as they were, or appeared to be, at the time the tenancy began." *Dolan* v. *Suffolk Franklin Sav. Bank*, 355 Mass. 665, 667. *Silver* v. *Cushner*, 300 Mass. 583, 584–585. *Sneckner* v. *Feingold*, 314 Mass. 613, 614. *Mallard* v. *Waldman*, 340 Mass. 288, 292.

2. The more difficult question is that of determining whether the Appellate Division was correct in its ruling that a finding is required for the defendants. Clearly a finding was warranted that the tile floor was not as safe to walk upon, when wet, as was the wooden floor which existed at the time the tenancy began. A finding was also warranted that the defendants had sufficient notice of the danger before the plaintiff's injury to enable them to take remedial measures.

Even though the tile floor was slippery when wet, and not as safe as the prior wooden floor, the issue remains whether the defendants can be found to have been negligent in the circumstances of this case. We have held that an inference of negligence did not arise, even though a business visitor slipped and fell upon tile flooring which was slippery when wet, in the absence of evidence that the injury was caused by a defect, or wear, or other condition not natural to the flooring. *Battista* v. *F. W. Woolworth Co.* 317 Mass. 179, 180–181. See *Risk* v. *Boston*, 317 Mass. 534; *Grace* v. *Jordan Marsh Co.* 317 Mass. 632; *Di Noto* v. *Gilchrist Co.* 332 Mass. 391; *Policronis* v. *Jordan Marsh Co.* 333 Mass. 767. See generally Spangenberg, Fall Down Cases (pts. 1–3), 47 Mass. L. Q. 57, 283; 48 Mass. L. Q. 52, for a collection of cases

and analysis. In the case before us, unlike *Murray* v. *Donelan*, 333 Mass. 228, there was no evidence of any defect, wear or unnatural condition in the floor. The cases of *Judson* v. *American Ry. Exp. Co.* 242 Mass. 269, *Morgan* v. *Merchants Natl. Bank*, 314 Mass. 601, and *Daniele* v. *Hotel Kimball Co.* 326 Mass. 387, are distinguishable, since in all of those cases the wet condition of the flooring was the result of the washing and mopping operations of the defendants. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, is distinguishable, since in that case, there was evidence that a large, deep puddle had accumulated and that the defendant had knowledge of this. No such evidence is presented in this case. The plaintiff has not proven that a tile floor is inherently defective when wet and we cannot take judicial notice of that claim. *Faulkner* v. *J. H. Corcoran & Co. Inc.* 342 Mass. 94, 95. Even though the risk of harm may be increased somewhat thereby, it is not unreasonable for a landlord to make changes which as matter of common experience are usual and ordinary. *Kay* v. *Audet*, 306 Mass. 337, 340. So far as it appears, the floor was constructed of a widely used kind of material "just like the floor in the [c]ourtroom."

The only important distinction between the circumstances in this case, and those in the *Battista* case, 317 Mass. 179, *supra*, and other cases in which recovery was not allowed, is that the plaintiff here claims under the rights of a tenant and therefore the defendants' duty is measured by comparison with conditions as they were at the time of the commencement of the tenancy. We conclude that the circumstance that the plaintiff here claims under the rights of the tenant should not be and is not determinative. Even though the tile floor was slippery, and the former wooden floor was not slippery, we hold that an inference of the defendants' negligence was not warranted. It is not negligent for an owner to construct a floor out of materials commonly used for that purpose. Since the substitution of a tile floor for the wooden one was not negligence, the Appellate Division

was correct in ruling that a finding is required for the defendants.

*Order of the Appellate Division affirmed.*