Jennie ATHAS, Plaintiff, Appellee,

v.

UNITED STATES of America, Defendant, Appellant.

No. 89–1966.

United States Court of Appeals, First Circuit.

Heard March 7, 1990.

Decided May 1, 1990.

Mark W. Pearlstein, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief for defendant, appellant.

Eric P. Finamore, with whom Joseph H. Burke, Jr. and Riley, Burke and Donahue, were on brief for plaintiff, appellee.

Before CYR, Circuit Judge, COFFIN and BOWNES, Senior Judges.

BOWNES, Senior Circuit Judge.

This appeal by the United States arises from a negligence action brought by plaintiff Jennie Athas under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Athas fell and fractured her shoulder as she left the Lynn, Massachusetts, Post Office. She sued the Postal Service claiming she slipped because its employees negligently failed to remove a number of wet spots from the stone entrance platform outside the main door of the building. The district court entered judgment for the plaintiff in the amount of $31,358.45. The government appeals. We reverse.

## I. FACTS

Athas, a retired secretary, was driven to the Lynn Post Office by her son around five o'clock in the afternoon of March 5, 1988. She entered the building intending to purchase stamps, but the customer windows were closed. She then left the post office through its main door, stepping down one step onto a smooth granite platform located between the doorway and the stairs leading down to the street. Athas slipped on one of a number of wet spots on the platform and fell, fracturing her shoulder.

A light snow had fallen early in the morning and there was a small amount of precipitation during the day. Temperatures hovered around freezing. The Postal

Service employee responsible for maintenance of the platform and steps had checked them periodically during the day, the last time within an hour before Athas's accident. He noted that there were "wet stains" on the platform, stepped on them and did not find them to be slippery. He therefore did nothing about them. We assume that the wet stains and wet spots are the same thing.

## II. DISCUSSION

Under the Federal Tort Claims Act, the federal government is liable in tort "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. "In deciding the 'manner' and 'extent' to which a private individual would be liable, the law of the place where the act or omission occurred must be applied." 28 U.S.C. § 1346(b); *Goldman v. United States*, 790 F.2d 181, 183 (1st Cir.1986). Inasmuch as plaintiff's accident occurred in Massachusetts, the law of the Commonwealth applies.

The United States contends that the district court did not apply the correct standard under Massachusetts law in finding that the Postal Service acted unreasonably. It maintains that, as a matter of law, the Postal Service's failure to keep the outdoor platform free of moisture under the prevailing weather conditions cannot render it liable for negligence. Plaintiff argues: 1) that the district court used the correct test in determining that failure to remove the wet spots constituted negligence; and 2) because such a determination is a question of fact, this court can only overturn it if we find that it was clearly erroneous.

### A. Standard of Review

■ A district court sitting without a jury is required to set forth with specificity its findings of fact and conclusions of law. Fed.R.Civ.P. 52(a). We can set aside a court's finding of fact only if it is clearly erroneous. *Id.; see Jackson v. Harvard University*, 900 F.2d 464, 467 (1st Cir.

1990); *Reliance Steel Prod. Co. v. Nat'l Fire Ins. Co.*, 880 F.2d 575, 576 (1st Cir. 1989). The same standard of review applies in this circuit to mixed questions of law and fact. *See Foggs v. Block*, 722 F.2d 933, 938, *reversed on unrelated grounds*, 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1983); *Lynch v. Dukakis*, 719 F.2d 504, 513 (1st Cir.1983). The "clearly erroneous" standard does not apply, however, to conclusions of law. *Pullman Standard, Inc. v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). "When a trial court's conclusion is 'derived from the court's application of an improper standard to the facts, it may be corrected as a matter of law.'" *EAC Timberlane v. Pisces, Ltd.*, 745 F.2d 715, 722 (1st Cir.1984) (quoting *United States v. The Singer Manufacturing Co.*, 374 U.S. 174, 194, n. 8, 83 S.Ct. 1773, 1783, n. 8, 10 L.Ed.2d 823 (1963)). Our canvass of Massachusetts law convinces us that the district court did not apply the proper legal standard to the facts of this case. Therefore our review is not governed by the clearly erroneous standard of Rule 52(a).

### B.

The district court ruled, and appellant agrees, that in order for plaintiff to establish that the Postal Service breached its duty of care, she had to show that the wet spot on which she fell constituted a hazard, and that the Postal Service knew, or reasonably should have known, of the existence of the alleged hazard.[1] Rather than determining, according to Massachusetts law, whether or not in these circumstances the Post Office had a duty to remove the wet spots, the court weighed "the likelihood of Mrs. Athas falling on this spot, the degree and permanence of her shoulder injury, and the very slight burden to the Post Office of removing the wetness from the main entrance platform by throwing some sand on the small but critical areas where the public enters the building...." Based on these factors it held that the

1. Since the Postal Service employee responsible for the platform and steps testified that he had observed the wet spots within an hour prior to Athas's accident, the government's knowledge of the alleged hazard is not contested.

Postal Service acted unreasonably in failing to remove the wet spots from the platform.

Plaintiff argues with some force that this balancing test is the correct one by which to determine landowner liability under current Massachusetts law. In 1973, in a decision abolishing the distinction between licensees and invitees for the purpose of finding premises liability, the Supreme Judicial Court held that a landowner owes a common duty of reasonable care to all lawful visitors. *Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (Mass.1973). *Mounsey* involved a policeman who brought suit after he fell on an accumulation of ice on the defendants' premises caused by defects in their drainage system. Under the common law rule classifying policemen on official business as licensees, the plaintiff would not have been allowed to recover because the defendants' negligent failure to maintain the drainage system did not amount to wilful, wanton or reckless conduct. The Supreme Judicial Court, however, abandoned that rule and instead created a "reasonable care in all the circumstances" standard. *Id.* 297 N.E.2d at 51–52. The court ruled that under this standard, in order to avoid liability for negligence, a landowner must maintain his property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Id.* 297 N.E.2d at 52. Since this is the test that the district court employed in finding negligence on the part of the Postal Service, plaintiff argues that the court's finding should stand.

■ The United States contends, however, that neither *Mounsey*, in which there was such a defect, nor the slip and fall cases decided after it, changed the traditional Massachusetts rule that there must be a defect, apart from a natural accumulation of water, or ice, or snow, in order to hold a landowner liable for negligence. *See, e.g., Battista v. F.W. Woolworth Co.*, 317 Mass. 179, 57 N.E.2d 552 (1944) (negligence could not be found based on store owner's failure to provide anything to

counteract slipperiness of store entrance due solely to rainfall). Since there was no evidence that the wet spots on the Post Office platform resulted from a defect or unnatural condition, no evidence that the platform was peculiarly slippery when wet, and no evidence that anyone other than plaintiff slipped on the wet spots, the government argues that there was no defect or hazard on which to base a claim of negligence. After carefully reviewing the applicable Massachusetts cases, we are constrained to agree with the federal government on both points.

Massachusetts courts have long held that "[a]n inference of negligence did not arise, even though a business visitor slipped and fell upon ... flooring which was slippery when wet, in the absence of evidence that the injury was caused by a defect, or wear, or other condition not natural to the flooring." *Lowe v. National Shawmut Bank*, 363 Mass. 74, 292 N.E.2d 683, 685 (1973) (citing cases). Although, as plaintiff points out, the Supreme Judicial Court has in recent years broadened the scope of its inquiry into what constitutes reasonable care on the part of a landowner, we find no indication that the rule applicable to a fall caused by a natural accumulation of precipitation has been changed. In the two most recent cases involving slip and fall accidents caused by wetness due to weather conditions, Massachusetts has declined to impose liability because there was no evidence of any unnatural condition or defect. *See Lowe*, 292 N.E.2d 683 (absent defect in newly installed tile, no liability where rainwater on hallway floor caused fall) and *Wexler v. Stanetsky Memorial Chapel of Brookline, Inc.*, 2 Mass.App. 750, 321 N.E.2d 686 (1975) (no liability where water from snow tracked into funeral home lobby caused fall). In addition, this court, in a Federal Tort Claims Act case, recently held that under Massachusetts law a landowner did not breach the duty to maintain its premises in reasonably safe condition where the plaintiff slipped on a single patch of ice remaining on an open plaza a few days after a blizzard. *Goldman v. United States*, 790 F.2d 181 (1st Cir.1986). *See also Brillante v. United States*, 449

F.Supp. 597 (D.Mass.1978) (applying Massachusetts law in Federal Tort Claims Act case) (no liability where small, visible patch of ice in parking lot caused fall).

*Lowe,* 292 N.E.2d 683, and *Wexler,* 321 N.E.2d 686, are particularly instructive because of their factual similarity to the present case. In *Lowe,* the plaintiff slipped and fell in a hallway leading from the outside door of defendants' building to a shop inside. It was raining hard on the evening of the accident, and the floor of the hallway was wet. The plaintiff could not say whether or not the water blew in as she opened the door. Reversing the lower courts, the Supreme Judicial Court held that in the absence of any evidence of a defect, wear, or unnatural condition in the floor, the landowners were entitled to a new trial on the issue of their negligence.

The plaintiff in *Wexler* fell when she stepped into a puddle of water on the floor of the lobby in defendant's funeral home. It was a snowy day. The water accumulated when snow, tracked in by people entering to attend a funeral, melted on the floor. The trial court held the funeral home owner liable. The Appeals Court reversed, finding that it would have been impractical under the circumstances to keep the floor dry.

We found two cases holding a landowner liable even though there was no evidence of a defect apart from ice and snow. *See Intriligator v. City of Boston,* 18 Mass. App. 703, 469 N.E.2d 1296 (1984) (city liable where ice and snow on a sidewalk caused fall); *Phipps v. Aptuxet Post #5988 V.F.W. Building Ass'n, Inc.,* 7 Mass.App. 928, 389 N.E.2d 1042 (1979) (landowner liable where icy ruts in parking lot caused fall). But given the longevity of the requirement that there be a defect apart from weather conditions, we are reluctant to say that the rule has been changed based on these two appeals court decisions. Furthermore, in each of these cases there was evidence that human activity (pedestrians in a "usually crowded" commercial area (*Intriligator*), cars in the parking lot (*Phipps*)), rather than the prevailing weather conditions, caused the area where the plaintiff fell to become hazardous. *See also Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810 (1st Cir.1975), in which this court, applying Massachusetts law, held the landowner liable where plaintiff slipped on a solid sheet of ice outside the entrance to an air terminal. We found that "[t]he fact that the snow and ice may have accumulated naturally on the sidewalk [did] not preclude a finding of negligence" because the jury might have inferred that the slick condition resulted "from trodding by a constant stream of people." We also noted that the defendant had received over 100 complaints about icy conditions at the airport, a dozen being specifically about the sidewalks. *Id.* at 817.

■ Having carefully reviewed these decisions, we think that to find the Postal Service negligent for failure to keep the platform dry on a wet day would be "to impose on the United States a duty greater than is imposed upon a private landowner under Massachusetts law." *Goldman,* 790 F.2d at 183. We reject plaintiff's argument that *Mounsey v. Ellard* altered the test for landowner liability in slip and fall accidents caused by weather conditions. The *Mounsey* court noted that it was deciding "the sole issue raised, namely the legal status of the plaintiff," *Id.* 297 N.E.2d at 52, n. 9. It explicitly stated, "The principles which are now to be applied are those which have always governed personal negligence." *Id.* at 52. The cases plaintiff cites do not persuade us that the applicable rule has been changed because they do not involve accidents caused by weather conditions. *See Gilhooley v. Star Market Co., Inc.,* 400 Mass. 205, 508 N.E.2d 609 (1987) (green pepper on floor of supermarket); *Upham v. Chateau De Ville Dinner Theatre, Inc.,* 380 Mass. 350, 403 N.E.2d 384 (1980) (steps in dark theatre). Since the traditional rule in Massachusetts is that a landowner's liability for injuries incurred on his premises depends, *inter alia,* on the existence of a defect or hazard other than a natural accumulation of water, or ice, or snow, that is the rule we must apply until the Massachusetts courts decide differently.

The weather the day of plaintiff's accident was wet. Plaintiff herself stated that "there was an accumulation of water everywhere throughout the whole streets of Lynn...." In these circumstances, it would be natural for there to be wet spots on the entrance platform outside the Post Office. In light of Massachusetts law, we hold that the government did not have a duty to keep the platform absolutely dry.

*Reversed.*