**Allen SWANN, et al., Plaintiffs,**

v.

**Thomas J. FLATLEY, d/b/a The Flatley Company, Defendant.**

**Civ. A. No. 89–1348–WD.**

United States District Court, D. Massachusetts.

Nov. 6, 1990.

---

Daniel J. O'Connell, III, Boston, Mass., for plaintiffs.

John J. Lang, Driscoll, Gillespie, Stanton & Davis, Lynnfield, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR DIRECTED VERDICT

LAWRENCE P. COHEN, United States Magistrate.

This is a slip and fall case brought within the diversity jurisdiction of this court. Plaintiff Allen Swann slipped and fell while exiting from the Sheraton Tara Hotel in Framingham on December 20, 1987, receiving substantial injuries.[1] Defendant Thomas J. Flatley, d/b/a The Flatley Company, in its answers, concedes that the Sheraton Tara Hotel was in its custody, possession and control at the time of the accident. All parties consented to jury trial before this court pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 4(c) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts.

A. The Factual Context

1. At the final pretrial conference, it appeared from the joint pretrial memorandum filed by the respective parties, as well as from the position of the parties at that conference, that the plaintiff slipped and fell on account of a natural accumulation of ice and/or snow upon exiting from the side door of the Sheraton Tara Hotel. At that conference, this court advised the parties that the United States Court of Appeals for this Circuit had recently canvassed Massachusetts law,[2] and had apparently concluded that, under Massachusetts law, a landowner was not under a duty to remove natural accumulations of ice and/or snow.[3]

Trial was scheduled for November 5, 1990. During the course of a chambers conference immediately prior to empanelling a jury, it still appeared that plaintiffs' case rested on the assumption that Massachusetts law permitted recovery on the basis of a landowner's failure to remove a natural accumulation of snow and/or ice. Plaintiff maintained, however, that, particularly in light of the holding in *Klein v. Boston Elevated Ry.*, 293 Mass. 238, 200 N.E. 6 (1936), the *Athas* [*Athas v. United States*, 904 F.2d 79 (1st Cir.1990)] court misconstrued applicable Massachusetts law.

A jury was empaneled, and plaintiffs made their opening statement. Based on that opening statement—which again relied exclusively on the failure of the defendant to remove a natural accumulation of ice—

---

1. His wife, Marion Swann, seeks damages for loss of consortium as well.

2. All parties agree that the substantive law of Massachusetts supplies the rule of decision in this diversity case. "Where the parties agree what substantive law controls in a diversity case, we can—and ordinarily should—accept such a concession." *Moores v. Greenberg*, 834 F.2d 1105, 1107 n. 2 (1st Cir.1987); *see also Kali Seafood, Inc. v. Howe Corporation*, 887 F.2d 7 (1st Cir.1989).

3. The conference was held in August 1990. The case referred to was *Athas v. United States*, 904 F.2d 79 (1st Cir.1990), decided on May 1, 1990.

the defendant moved for a directed verdict. This court denied that motion without prejudice to renewal. This court conditioned the denial of the motion, however, on the directive that plaintiff introduce all evidence relating to liability [exclusive of evidence dealing with damages], at which time this court would reconsider the motion for a directed verdict.

2. Consistent with the court's directive, plaintiffs presented all evidence bearing on the question of liability. Without exception, all of plaintiffs' evidence allowed but one reasonable conclusion—*i.e.*, that plaintiff Allen Swann slipped on the platform just outside the side exit door on account of freezing rain which had resulted in a sheet of ice on that platform. Additionally, all witnesses who testified and who could recall, testified that the precipitation continued at the time of the accident—indeed throughout the remainder of the day.[4]

3. Plaintiffs having represented that all evidence had been presented on the matter of liability, this court revisited defendant's motion for a directed verdict.[5] Upon consideration of the evidence and argument of counsel, the defendant's motion for a directed verdict is allowed, and judgment shall enter for the defendant on all claims.[6]

### B. Discussion

■ In *Athas v. United States*, 904 F.2d 79 (1st Cir.1990), decided on May 1, 1990, the United States Court of Appeals for the First Circuit, after canvassing relevant Massachusetts law, concluded that a landowner is not under a legal duty to remove *natural* accumulations of ice and/or snow. In this court's view, notwithstanding plaintiffs' argument that the Court of Appeals misconstrued current Massachusetts law, the *Athas* Court correctly concluded that, under Massachusetts law, a landowner is not under a legal duty to remove *natural* accumulations of ice or snow.[7]

The Court of Appeals' interpretation of the current law is consistent with hoary precedent bottomed in the common law of Massachusetts. Indeed, it has invariably been referred to as the *Massachusetts rule*.[8] Thus, in *Young v. Saroukos*, 5 Storey 149, 55 Del. 149, 185 A.2d 274 (1962), the court observed—

> Judge Stiftel pointed out [in *Whalen v. Zolper*, 1 Storey 519, 148 A.2d 778 (1959)] (1 Storey [at] 521, 148 A.2d [at] 780):
>
> > "The authorities in this country on the question of whether or not there is a duty on the part of the landlord who has rented a building to several tenants to remove natural accumulations of ice or snow in certain areas such as on porches and steps used in common

**4.** Plaintiffs' expert so testified as well.

**5.** A written motion was then filed by the defendant as well.

**6.** In so ruling, of course, this court assumes that all of plaintiffs' testimony is true, including the nature of the hazard on the platform where plaintiff fell, and the fact that the defendant, by and through its duly authorized officers, was advised of the weather conditions and treacherous underfooting.

**7.** None of the parties requested certification of the question to the Massachusetts Supreme Judicial Court. And even had plaintiff requested certification, that request would have been denied, given the recent holding in *Athas* and the fact that plaintiffs, who invoked the diversity jurisdiction of this court, were in a peculiarly poor position to seek certification. *See Venezia v. Miller Brewing Co.*, 626 F.2d 188, 192 (1st Cir.1980).

**8.** Although referred to as the Massachusetts rule, Massachusetts does not stand alone in holding that a landowner is not liable for injuries incurred on account of naturally accumulating ice or snow. *See e.g., Davis v. Church of Jesus Christ of Latter Day Saints*, 796 P.2d 181 (Mont.1990); *Wilson v. Gorski's Food Fair*, 196 Ill.App.3d 612, 143 Ill.Dec. 477, 554 N.E.2d 412 (1990); *Stamatakis v. Kroger Co.*, 121 Mich.App. 281, 328 N.W.2d 554 (1982).

And, indeed, even under the so-called Connecticut rule, it has been held that a landowner's duty to remove accumulating ice and/or snow does not commence until after the termination of the precipitation causing that natural accumulation. *See e.g., Woods v. Prices Corner Shopping Center Merchants Ass'n*, 541 A.2d 574 (Del.Super.1988). And, of course, in this case, by all accounts of plaintiffs' evidence, the precipitation continued unabated at the time of the accident in question.

are not in harmony. The cases on the subject are collected in 25 A.L.R. 1273; 39 A.L.R. 294; 58 A.L.R. 1411; 75 A.L.R. 154; 97 A.L.R. 220, and more recently, in 26 A.L.R.2d 610. From an examination of certain treatises and of the cases cited in the above A.L.R. notes, it appears that the authorities are primarily divided between the *common-law Massachusetts rule* and the so-called Connecticut rule. *Durkin v. Lewitz*, 3 Ill.App.2d 481, 123 N.E.2d 151, 155, 156 [ (1954) ]. The Massachusetts rule holds that the relation of landlord and tenant *does not impose upon the landlord a duty to remove from common areas under his control ice or snow naturally accumulating there.* *Bell v. Siegel*, 242 Mass. 380, 136 N.E. 109, 25 A.L.R. 1261 [ (1922) ]; *Woods v. Naumkeag Steam Cotton Co.*, 134 Mass. 357 [ (1883) ]; 2 Stevenson [on Negligence] in the Atlantic States (1954 ed.), Sec. 513. The Connecticut rule as stated in *Reardon v. Shimelman*, 102 Conn. 383, 128 A. 705, 707, 39 A.L.R. 287 [ (1925) ], imposes upon the landlord a liability for injuries due to the accumulation of ice or snow, provided he knew or ought to have known of the existence of the dangerous condition existing and failed to exercise reasonable care to provide against the injury because of it. The landlord has the duty to use reasonable care to see to it that the premises are kept safe. *Sheehan v. Sette*, 130 Conn. 295, 33 A.2d 327, 328 [ (1943) ].

"The basic difference between the two rules is that under the Massachusetts line of cases, an adherence to the common-law conception of the duty of a landlord is followed, and snow and ice are understood to be temporary obstructions for which a landlord is not held liable, and the Connecticut line of cases follows the more modern approach requiring the landlord to use reasonable care with respect to premises used in common, including the re-moval of ice and snow. *Durkin v. Lewitz, supra*, 123 N.E.2d at page 156." (Emphasis in text added).

Nothing in the authorities brought to the attention of this court by plaintiffs—*i.e., Intriligator v. City of Boston*, 18 Mass. App. 703, 469 N.E.2d 1296 (1984); *Willett v. Pilotte*, 329 Mass. 610, 109 N.E.2d 840 (1953); *Phipps v. Aptucxet Post #5988 V.F.W. Building Ass'n, Inc.*, 7 Mass.App. 928, 389 N.E.2d 1042 (1979); *Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (1973); *Klein v. Boston Elevated Ry.*, 293 Mass. 238, 200 N.E. 6 (1936); and *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810 (1st Cir.1975)—persuades this court to conclude that our Court of Appeals, in *Athas*, misconstrued controlling Massachusetts law. The holdings in *Intriligator, Mounsey, Phipps*, and *Jakobsen*, were specifically addressed and referred to in the course of the *Athas* decision. Those holdings notwithstanding, particularly in view of the fact that none of those cases specifically focussed upon the distinction of *natural* accumulations of ice and/or snow, the *Athas* Court specifically concluded that "Since the traditional rule in Massachusetts is that a landowner's liability for injuries incurred on his premises depends, *inter alia*, on the existence of a defect or hazard *other than a natural accumulation of water, or ice, or snow*, that is the rule we must apply until the Massachusetts courts decide differently." (Emphasis added). With respect to *Willett, supra*, that Court simply did not address the distinction, and was not called upon to do so. So too with *Klein*. The issue was not raised, and accordingly was not decided. Moreover, the holding in *Klein* can be squared with the holding in *Athas*[9] on the basis that a *common carrier*, as was the case in *Klein*, is, under traditional Massachusetts law, held to a higher standard of care than that imposed on other landowners. *See Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 519 N.E.2d 1341, 1343[10] and n. 5 (1988).

Moreover, in terms of the facts specific to this case, one holding of the Massachu-

---

**9.** And, perhaps, *Jakobsen* as well.

**10.** "... nor did Peter Pan object to the judge's charge, which placed a higher duty of care on Peter Pan as a common carrier than ordinarily

setts Supreme Judicial Court specifically reinforces this court's view that the rationale of *Athas, supra,* specifically applies to this case. In a rescript opinion entered by the Massachusetts Supreme Judicial Court, that court observed *Sirk v. Plante,* 349 Mass. 770, 211 N.E.2d 341 (1965)—

> In this action of tort the plaintiff, a United States letter carrier, seeks to recover for injuries sustained by him on premises owned and controlled by the defendant. There was testimony that on December 18, 1961, at about 9 A.M., the plaintiff was delivering mail to the defendant's premises. It had snowed that morning and there were about three inches of snow and ice frozen on the front stairway at the time. After the plaintiff delivered the mail and while descending the stairway he slipped and fell on snow and ice which covered the stairway. *Snow and freezing rain were falling at the time.* There was no error in directing a verdict for the defendant. (Emphasis added).

In short, based on the clear and unequivocal holding in *Athas, supra,*[11] *Sirk v. Plante, supra,* and the other authorities delimiting the so-called Massachusetts rule, this court finds and concludes that, under current Massachusetts law, a landowner is not liable for an injury caused by naturally accumulating ice and/or snow. In this case, all of plaintiffs' evidence, construed most favorably to plaintiffs, pointed to one conclusion: plaintiff was injured on account of ice which was then and there *naturally accumulating.*

For these reasons, defendant's motion for a directed verdict is allowed, and judgment shall enter for the defendants and against the plaintiffs.

placed on a landowner with respect to a business visitor."

11. In the circumstances, this court cannot fairly conclude, as suggested by plaintiffs, that the distinction between *natural* and *unnatural* defects brought to bear in *Athas* was a mere matter of dicta. To be sure, that case involved

natural accumulation of *water,* while this case involved natural accumulation of *ice.* But to read that as a meaningful distinction would mean that all that the *Athas* court said on the difference between *natural* and *unnatural* defects was a mere folly without purpose. This court cannot fairly read that opinion as such.