Barrett, J.
The plaintiff, Ronald Hynes (“Hynes”), brings this negligence action against the defendant, American Stores Company, d/b/a Star Market (“Star Market”), after Hynes slipped and fell on some black ice in its parking lot. Star Market argues +hat a natural accumulation of snow and ice does not constitute a defect and therefore does not create liability on the part of the landowner. Hynes contends that the ice had been on the parking lot premises for a long enough period of time to give rise to the level of a defect and therefore, Star Market was negligent in the maintenance and upkeep of its parking lot.
This matter is before the court on defendant’s motion for summary judgment or, alternatively, motion to dismiss.
BACKGROUND
On or about January 10, 1991, Hynes left his residence and began walking to Star Market, which was scheduled to open at 8:00 a.m. At approximately 7:50 a.m., after walking five or six steps from the crosswalk, Hynes slipped and fell on a “sheet of black ice” in the Star Market parking lot. (See, Plaintiffs Affidavit Exhibit 3, p. 1.) Hynes states he had no problems walking from his apartment building to the crosswalk and across the street since those areas were adequately sanded. (See, Plaintiff s Affidavit Exhibit 1, p. 16.) As a result of his fall, Hynes sustained injuries and incurred medical expenses.
DISCUSSION
The court, after reviewing the pleadings, affidavits, and other materials submitted by the parties, will treat defendant’s motion as a motion for summary judgment.
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating tire absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
“. . . [U]nder Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and that the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect to all.” Aylward v. McCloskey, 412 Mass. 77, 79 (1992), citing Athas v. United States, 904 F.2d 79, 82 (1st Cir. 1990). Although in his complaint Hynes makes reference to an “unnatural accumulation of snow and ice” existing on Star Market’s parking lot, Hynes has not provided the necessary proof to establish that human activity rather than the prevailing weather conditions caused the area where he fell to become hazardous. Athas at 82. Accordingly, Star Market’s motion for summary judgment must be granted. Kourouvacilis, supra, at 711.
ORDER
It is therefore ORDERED that defendant’s motion for summary judgment or in the alternative motion to dismiss, treated here as a motion for summary judgment, is ALLOWED.