**Daniel MILESI and Sandra Milesi, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 94–30249–MAP.**

United States District Court, D. Massachusetts.

Nov. 26, 1996.

---

**7.** There is no claim asserted under Mass.Gen.L. ch. 93A or 176D.

Patrick C. Gable, Michael J. Chieco, Pellegrini & Seeley, Springfield, MA, for Plaintiffs.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

### MEMORANDUM REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

(Docket No. 20)

PONSOR, District Judge.

## I. INTRODUCTION

Plaintiff Daniel Milesi ("Milesi") and his wife Sandra Milesi have asserted a claim

under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, alleging that the Government's negligent maintenance of a hydraulic lift at the United States Post Office in Lanesboro, Massachusetts resulted in injury to Milesi. The Government has moved for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons set forth below, the defendant's Motion for Summary Judgment will be denied.

## II.  STANDARD

The court may allow a motion for summary judgment if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating that there is no issue regarding a material fact and that the law requires judgment in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The test for summary judgment is rigorous. *Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 934 (1st Cir.1987) (vacating summary judgment entered for defendant shipping concern). The court must look at the record in the light most favorable to the nonmoving party and "must indulge all inferences favorable to that party." *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 928 (1st Cir.1983). If a reasonable factfinder could resolve any material issue in favor of the non-moving party after reviewing the record in this generous light, then summary judgment must be denied. *Mack v. Great Atlantic and Pacific Tea Company*, 871 F.2d 179, 181 (1st Cir.1989).

## III.  FACTUAL BACKGROUND

The facts, viewed in a light most favorable to the plaintiff, are as follows.

At the time of Milesi's injury, he was employed as a truck driver by Bator's Auto Service ("Bator's"). Bator's was under a contract with the United States Postal Service to deliver and collect mail at various post offices in Western Massachusetts, including the post office located in the Pontoosuc Mini-Mall at 245 South Main Street in Lanesboro.

Milesi and his employer complained to the Lanesboro Post Office repeatedly about the condition of the truck dock. Specifically, they complained about the condition of a hydraulic lift at the dock. The lift was exposed to the elements on all four sides, and it featured a six foot, 80–pound metal ramp (technically referred to as a "bridge") which was placed inside unloading trucks. This ramp and the lift itself were typically left in the "down" position, making it necessary for unloading truck drivers to exit their vehicles and put the lift and the metal ramp in the "up" position. On occasion, bad weather impaired the operation of the hydraulic lift, sometimes rendering it completely inoperative and requiring Bator's truck drivers to unload and load their cargo of mail by hand.

Milesi complained about the placement of the lift and the fact that it was consistently left in the "down" position, "every other day" for a four-month period. His employer also complained both orally and in writing about the condition of the lift and the fact that its metal loading ramp was consistently left down and at times stuck to the ground when rain and melting snow froze around it.

On the morning of December 4, 1991, Milesi arrived at the Lanesboro Post Office at approximately 6:20 a.m. The temperature was below freezing and it had snowed two inches on the previous day. It would snow another inch that day. When the plaintiff arrived at the Post Office, the back entrance was lit by a light on the side of the building. He could see that the lift was in the down position. The plaintiff exited his truck and attempted to lift the metal loading ramp by pulling on an attached metal chain. It did not budge, and he did not investigate as to what was holding it fast. He then pulled one or two more times and succeeded in freeing the metal ramp. After lifting the ramp, Milesi observed a thin ($\frac{1}{8}$–$\frac{1}{4}$ inch) layer of ice under the ramp textured in a way that matched the ramp's contours.

In lifting the ramp on the morning of December 4, Milesi alleges he seriously injured his back. Although he had previously experienced back problems, he had been able to work without difficulty. After the morning in question, his back problems were "a

hundred times worse," and he alleges that, as a result, he has not been able to return to his usual work and may never be able to work as a truck driver again.

## IV. *DISCUSSION*

The Government asserts that it is entitled to summary judgment on plaintiffs' claims because: (1) Milesi's injury was due to a natural accumulation of snow or ice; (2) the plaintiffs cannot show any evidence of negligence; and (3) Milesi's comparative negligence outweighs any negligence on the part of the Government. Taking each of these arguments in turn, and examining the evidence in a light most favorable to the non-moving party, the court must conclude that the defendant's motion for summary judgment should be denied.

Under the FTCA, the Government may be held liable "in the same manner and to the extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because the plaintiffs' FTCA claim arises out of an injury that allegedly occurred in Massachusetts, the Commonwealth's law of torts applies. 28 U.S.C. § 1346(b); *Goldman v. United States,* 790 F.2d 181, 183 (1st Cir. 1986).

■ In Massachusetts, a landowner or occupier owes a common duty of reasonable care to all lawful visitors regardless of whether they are social or business guests. *Mounsey v. Ellard,* 363 Mass. 693, 707, 297 N.E.2d 43 (1973) (finding that occupier of land owes a duty to police officer who fell on an accumulation of ice caused by a defect in the drainage system). Specifically, landowners have a duty to maintain their property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of injury, and the burden of avoiding risk." *Toubiana v. Priestly,* 402 Mass. 84, 88, 520 N.E.2d 1307 (1988) (*quoting Mounsey v. Ellard,* 363 Mass. 693, 708, 297 N.E.2d 43 (1973)).

### A. The "Natural Accumulation" Rule.

■ In its first argument in support of summary judgment, defendant correctly points out that under Massachusetts law plaintiffs cannot recover for personal injuries caused by a natural accumulation of ice and snow. *Athas v. United States,* 904 F.2d 79, 81 (1990). The First Circuit recognized this "Massachusetts natural accumulation rule" in *Athas,* where a woman slipped on a wet spot outside a post office and fractured her shoulder. *Id.* The reviewing court reversed the District Court's finding for the plaintiff, citing the fact that no evidence was presented that the platform was in any way defective or even particularly slippery. *Id.* at 83.

To further support their argument, the Government also cites *Aylward,* in which a woman was injured after slipping on a neighbor's driveway while the neighbor was away at Cape Cod. *Aylward v. McCloskey,* 412 Mass. 77, 80, 587 N.E.2d 228 (1992). In *Aylward,* no claim was made that the landowner's property was in any way defective and summary judgment for the defendant was sustained. *Id.* The Supreme Judicial Court made it clear, however, that it was not their intention "to suggest that an accumulation of snow and ice can never be a hazardous condition which the owner or occupier has a legal responsibility to remedy." *Id.* at 80, n. 3, 587 N.E.2d 228. Furthermore, the court recognized that in circumstances where an act or failure to act changes the condition of the accumulation, then a defect may exist, creating liability in the owner or occupier. *Id.*

■ The *Athas* and *Aylward* cases may be distinguished from the present case, because in both those cases the plaintiffs offered *no* evidence of a defective condition that contributed to the accumulation of ice and snow.[1] In the present case there is evidence that the accumulation of ice that allegedly caused Milesi's injury was due to the pitch of the

---

1. Similarly, in the more recent cases cited by the Government, the plaintiffs did not offer any evidence that an unnatural defective condition contributed to the accumulation of snow and ice that caused the injury. *See Ortiz v. United States,* C.A. No. 90–12735, 1995 WL 170040 (D.Mass.1995) ("no allegation that there was any defect in the property"); *Newman v. Kurpaska,* No. WAD 009, 1994 WL 228967 (Mass.App.Div.1994) ("clear from the reported evidence and findings that there was no … defect in the premises").

pavement, which puddled precipitation in the loading area, and the absence of adequate shelter for this loading area. Furthermore, this case involves the interplay of heavy machinery, the hydraulic lift, and an accumulation of ice. Consequently, it is materially different from the strict natural accumulation, "slip and fall," cases cited by the defendant.

The *Athas* court recognized such a distinction when it acknowledged a line of cases that ostensibly contradicted the "Massachusetts rule of natural accumulation." *Athas,* 904 F.2d at 82. The First Circuit distinguished these cases on the basis that each featured evidence of some "human activity" contributing to the creation of the hazard which caused the plaintiff's injury. *Id.* (*citing Intriligator v. City of Boston*, 18 Mass. App. 703, 469 N.E.2d 1296 (1984) (heavily trafficked commercial area)); *Phipps v. Aptucxet Post # 5988 V.F.W. Building Ass'n, Inc.,* 7 Mass.App. 928, 389 N.E.2d 1042 (1979) (cars creating "icy ruts" in parking lot); *Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810 (1st Cir.1975) (heavy foot traffic creating icy condition).

In a case factually similar to the present one, the Supreme Judicial Court sustained the plaintiff's exceptions to a directed verdict. *Baldassari v. Produce Terminal Realty Corp.,* 361 Mass. 738, 282 N.E.2d 649 (1972). The court found that jury questions were present as to whether the defendant's negligence was responsible for holes in a roof that the plaintiff alleged contributed to the accumulation of ice on which he slipped. *Id.* at 744, 282 N.E.2d 649.

Viewing the record in a light most favorable to the plaintiff in the present case, it is possible to infer that the defendant's negligence worked in conjunction with inclement weather to create the hazard that allegedly caused Milesi's injury. Plaintiffs' affidavits and depositions present evidence that the Government acted negligently in its placement and maintenance of the hydraulic lift.

### B. Evidence of Negligence.

Defendant's second argument in support of summary judgment, is that the plaintiffs have failed to show any evidence of negli-gence. In opposition to this argument, the plaintiffs have averred three theories of negligence.

First, plaintiffs assert that the Postal Service was negligent in its failure to remedy the hazardous condition created by the placement of the largely unsheltered lift. Second, plaintiffs allege that the Postal Service was negligent in leaving the heavy metal ramp in the down position. Third, plaintiffs allege the defendant breached an implied contractual duty to remove snow and ice from the lift area for the drivers.

As mentioned above, it is possible when viewing the evidence in a light most favorable to the plaintiffs, to draw reasonable inferences that support plaintiffs' allegations of negligence. Consequently, it is unnecessary for the purposes of summary judgment to rule on the viability of the plaintiffs' final claim that the defendant assumed and then breached a heightened contractual duty.

█ An act or failure to act that changes. the conditions of naturally accumulated ice and snow and creates a hazard can constitute negligence in Massachusetts. *Sullivan v. Brookline,* 416 Mass. 825, 827, 626 N.E.2d 870 (1994) (town not liable because it did not alter the condition of ice on a ramp by removing snow), quoting *Aylward,* 412 Mass. at 80 n. 3. In the present case, the plaintiffs have offered affidavits and deposition testimony that assert that the loading dock area was constructed in such a way that it could be hazardous during inclement weather. The same affidavits and depositions assert that the defendant was repeatedly notified, both orally and in writing, that the placement of the unsheltered lift made it potentially hazardous in bad weather.

█ This evidence is clearly relevant to the "reasonable care in all of the circumstances" test first laid out in *Mounsey.* 363 Mass. at 708, 297 N.E.2d 43. Viewing this evidence in its most favorable light, a reasonable factfinder could conclude that the Government's failure to respond in any way to repeated warnings constituted negligence.

█ The plaintiffs next assert that in the exercise of due care the Postal Service

should have left the metal ramp on the hydraulic lift in the up position. There is a genuine issue of material fact regarding whether the plaintiffs are correct. The fact that all the other post offices serviced by Milesi's employer left the heavy metal ramp in the up position is relevant to the determination of what constitutes due care.

The defendant's argument that the ramp was left in the down position in order to avoid creating a hazard for young bicycle riders may be considered by the factfinder but is not dispositive at the summary judgment stage.

### C. Contributory Negligence.

Defendant's final argument in support of summary judgment is that Milesi's comparative negligence outweighs any negligence on part of the government. If his negligence was greater than fifty percent, he is barred from recovering damages under the Massachusetts comparative negligence statute. Mass.Gen.L. ch. 231, § 85.

 Issues of contributory negligence are rarely decided as a matter of law before a full evaluation of the evidence at trial. *Foley v. Matulewicz,* 17 Mass.App.Ct. 1004, 1005, 459 N.E.2d 1262 (1984). The decisions offered by defendant to support its contention that the issue of contributory negligence may be decided as a matter of law emerged after a full hearing on the merits. *See, e.g., Cowdell v. Cambridge Mutual Ins. Co.,* 808 F.2d 160, 162 (1st Cir.1986); *Brillante v. United States,* 449 F.Supp. 597 (D.Mass.1978).

Massachusetts case law also evidences a clear preference for a full hearing on the merits of a comparative negligence claim. *Fahey v. Rockwell Graphic Systems,* 20 Mass.App.Ct. 642, 650, 482 N.E.2d 519 (1985) (question of contributory negligence "is rarely taken from the jury and decided as a matter of law"); *see also Everett v. Bucky Warren Inc.,* 376 Mass. 280, 289–290, 380 N.E.2d 653 (1978); *Mirick v. Galligan,* 372 Mass. 146, 151, 360 N.E.2d 1045 (1977) ("only in a rare case may a judge rule as a matter of law that the plaintiff's contributory negligence bars recovery").

Since the complaint contains a claim for loss of consortium, it is worth noting as well that under present Massachusetts law, this claim would not be reduced by any contributory negligence found on the part of Milesi. *Goldman v. United States,* 790 F.2d 181, 185 (1st Cir.1986), citing *Feltch v. General Rental Co.,* 383 Mass. 603, 421 N.E.2d 67 (1981).

### V. CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment is DENIED.