Belford, J.
This is an appeal of the Order of the Brockton District Court finding for the plaintiff, Metellus Desarmes, and assessing damages against the defendant, Shaw’s Supermarkets, Inc., in the amount of $7,500.
We find there was no error.
The facts are as follows:
The plaintiff entered the defendant’s supermarket on December 30, 1993, to purchase some items. The weather on that day was rain. Upon entering the supermarket, the plaintiff stepped onto a carpet that was located in the entryway. The rug slipped out from underneath the plaintiff causing him to fall backwards striking his head and buttocks.
The defendant compares the facts with those in Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass. App. Ct. 750 (1975), because of the common existence of a carpet in the entryway to both structures. However, the plaintiff’s experience with the carpet in the case at bar differs greatly from Wexler. Compare, Id. When the plaintiff in Wexler entered a funeral home on a snowy day in December, she stepped upon a small carpet located just inside the door. Id. at 751. She took one step off the carpet and fell. Id. Therefore, Mr. Desarmes slipped while on the carpet where the defendant in Wexler slipped immediately after stepping off of the carpet. Compare, Id. The important distinction lies in the fact that the carpet *195 was the procuring cause of the fall in the case at bar, whereas the cause of the fall of the plaintiff in Wexler was a puddle of water on the bare floor. See, Id.
The defendant’s reliance on the traditional Massachusetts rule set forth in Athas v. U.S., 904 F.2d 79, 81, that there must be a defect apart from a natural accumulation of water or ice or snow in order to hold a landowner liable for negligence ignores the hazard created by the carpet in the entryway of the defendant’s supermarket. The distinction between a natural accumulation of water on a floor and a hazard created by some human activity was clearly illustrated in Milesi v. U.S., 946 F.Supp. 110 (1996). The court, in Milesi, distinguished the facts in that case from Athas and subsequently found for the plaintiff because the hazard that caused the injury to the plaintiff was an accumulation of ice as a result of puddled precipitation due to the pitch of the pavement. Id. at 114. Conversely, the plaintiff in Athas was injured due to a fall resulting from the natural accumulation of water on a granite platform leading to a post office. Athas, at 79. The Athas court attributed the distinction to contrary holdings to the existence of human activity. Id. at 82, citing Intriligator v. City of Boston, 18 Mass. App. Ct. 703 (1984) (pedestrians in a “usually crowded” commercial area); Phipps v. Aptucxet Post #5988 V.F.W. Building Association, Inc., 7 Mass. App. Ct. 928 (1979) (cars in parking lot).
Therefore, because the cause of Mr. Desarmes’ fall was human activity, the placement of the carpet in the entryway, as opposed to the natural accumulation of water from the inclement weather, the holding in the case at bar reasonably follows the distinct line of cases allowing for damages resulting from injuries caused by such human activity. There is nothing in the record to indicate that the District Court’s application of the above law in the case at bar is clearly erroneous. See, United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We affirm the holding of the District Court.
Accordingly, we find there was no error, and the appeal is dismissed.