# United States Court of Appeals
## For the First Circuit

---

No. 00-1472

WESLEY WALSH,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, <u>Senior District Judge</u>]

---

Before

Selya, <u>Circuit Judge</u>,

Cyr, <u>Senior Circuit Judge</u>,

and Boudin, <u>Circuit Judge</u>.

---

<u>William T. Walsh, Jr.</u> for appellant.
<u>Karen L. Goodwin</u>, Assistant United States Attorney, with whom <u>Donald K. Stern</u>, United States Attorney, was on brief for appellee.

---

March 2, 2001

**CYR, <u>Senior Circuit Judge</u>**. Plaintiff Wesley Walsh challenges the summary judgment ruling which prompted the district court to dismiss his Federal Tort Claims Act ("FTCA") suit for compensatory damages associated with a "slip and fall" on snow and ice outside the United States Post Office in East Longmeadow, Massachusetts, on January 10, 1996, during the waning hours of an extended snowstorm. Two days earlier, a blizzard had blanketed the area with approximately two feet of snow, which was followed by a further accumulation the next day and windblown snow showers on the day of the accident.

The district court ruled that summary judgment was in order under the controlling Massachusetts caselaw, <u>see</u> <u>Sullivan v. Town of Brookline</u>, 416 Mass. 825, 827, 626 N.E.2d 870, 872 (1994), absent evidence that the snow and ice at the accident site was anything other than a "natural accumulation." We affirm the judgment.

**I**

**<u>BACKGROUND</u>**

According to Walsh, it was snowing as he exited his car to walk to the post office. The snow on the sidewalk leading to the post office was "packed down," "very, very uneven," and "discolored." Since the conditions appeared somewhat worse on

3

the sidewalk, Walsh decided to walk to the post office through the adjacent parking lot. He did so without incident.

Upon exiting the post office, however, Walsh chose to return to the car by way of the sidewalk, largely because it afforded a more direct route than the one he had taken earlier through the parking lot. Moments later, at the point where a handicap-access ramp meets the sidewalk and the sidewalk slopes slightly to accommodate wheelchairs, Walsh suddenly slipped, his "leg came right down underneath [him] and [he] went down full force." Walsh could recall no preexisting footprints in the snow where he fell, nor had he noticed any difference between the conditions at the accident site than elsewhere along the route through the parking lot.

## II

## DISCUSSION

The FTCA subjects the United States to tort liability "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Well in advance of its reconfirmation by the Supreme Judicial Court in 1994, see Sullivan, 416 Mass. 825, 626 N.E.2d 870, this court had concluded that the "natural accumulation" doctrine remained alive and well in Massachusetts. See Athas v. United States, 904 F.2d 79, 82 (1st Cir. 1990) (failure of postal

4

employees to remove water accumulation on post office steps, during ongoing rainstorm, held insufficient to subject landowner to liability under Massachusetts law) (citing <u>Lowe</u> v. <u>National Shawmut Bank of Boston</u>, 363 Mass. 74, 77, 292 N.E.2d 683, 685 (1973); <u>Wexler</u> v. <u>Stanetsky Mem'l Chapel of Brookline, Inc.</u>, 2 Mass. App. Ct. 750, 751, 321 N.E.2d 686, 687 (1975)). Nor do we discern any material change in the "natural accumulation" doctrine since <u>Athas</u>.

The district court, quoting <u>Sullivan</u>, 416 Mass. at 827, 626 N.E.2d at 872, ruled that "[h]ere, just as in <u>Sullivan</u>, 'the plaintiff's evidence tend[ing] to show that the shovelling of the [handicap access] ramp by the [post office] employees exposed ice that was already there' is insufficient to generate liability . . . ." District Court Order, at 2 (quoting <u>Sullivan</u>, 416 Mass. at 827-28, 626 N.E.2d at 872). The district court further observed that, as in <u>Sullivan</u>, "there is 'no evidence that the employees' shovelling altered the condition of the ice on the [handicap access] ramp.' <u>Id.</u> (no liability where 'a property owner removes a portion of an accumulation of snow or ice and a person is injured by slipping and falling on the remainder because the snow or ice remains as a natural accumulation')." <u>Id.</u>

**III**

## CONCLUSION

As the district court correctly ruled that the United States was entitled to summary judgment as a matter of Massachusetts law, we affirm its judgment.