Creedon, J.
The plaintiff Robert J. White (“White”) was awarded $17,000.00 in damages as a result of a slip and fall on wet stairs at the defendant’s Times Square Restaurant, Inc. nightclub (“Juke Box”) in downtown New Bedford, Massachusetts. White brought suit on a two count complaint; 1) negligent maintenance of commercial premises and 2) negligence as a result of a defective, damaged and dangerous condition. The trial judge found for White on the negligent maintenance count for failure to warn patrons of slippery stairs and found for Juke Box on the count for defective, damaged and dangerous conditions.
Both Juke Box and White have filed cross appeals pursuant to Dist/Mun. Cts. RA.D.A, Rule 8C. Juke Box raises two issues on appeal. First the trial judge’s denial of its Mass. R. Civ. R, Rule 41(b)(2) motion for involuntary dismissal; and, second, that the trial judge erred in finding Juke Box negligent as the evidence was insufficient absent any defect in the premises. White appeals from the adverse findings on his Count II alleging a defective condition of the stairs.
We affirm the trial judge’s decision and dismiss the cross appeals of both White and Juke Box.
The trial judge made detailed findings of fact and discussed extensively, the applicable law regarding slip and Ms. We summarize the following facts as found in the decision.
On Saturday night February 27,1999, around midnight White and two friends arrived at the Juke Box. For two days it had been snowing, raining and icing in the New Bedford area. Upon their arrival at the night club, White and his friends proceeded to one of the several bars on the ground floor of the club and ordered beer. The floors were wet from people tracking slush into the club. The bathrooms were located downstairs in a basement area reached by descending three sets of six stairs each at right angles to each other.
As White walked down the second set of six stairs, he slipped on a puddle of water on the tread and landed injuring his hack on the landing below. Many stairs had puddles and nowhere were there any warning signs cautioning the stairway traffic.
In the middle of the hallway at the bottom of the stairs seated on a stool was a Juke Box employee who could visibly see where White landed but not the area where he slipped. Following the fall White’s friend, Chris Ammen, approached the *130 employee of Juke Box who denied seeing anything.
The trial judge found that Juke Box knew of the wet stairs and as a result of the type of commercial enterprise, serving alcohol with its likely effect on patron coordination, had a duty to at least warn its patrons of the slippery condition while descending stairs to the bathrooms.
1. The two issues on appeal by Juke Box both address whether the evidence was sufficient as a matter of law to support a finding of negligence. The judge’s findings of fact established Juke Box’s duly to its patrons and its knowledge of the slippery condition through its employee bathroom monitor. The evidence of both White’s and friend Ammen’s testimony concerning the excessive puddling and slippery condition of the stairs is not refuted by Juke Box. Pictures allowed into evidence established the close proximity and hence knowledge of its employee of the wet stairs.
Resolving the evidence in a light most favorable to the plaintiff allowed the trial judge on the evidence to decide whether Juke Box was negligent We agree with his denial of Juke Box’s motion for an involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(b) (2).
Similar to the issue of the denial of defendants involuntary dismissal motion at the close of plaintiffs case is Juke Box’s second issue on appeal that the evidence was not sufficient to support the judge’s finding of negligence as there was no evidence of a defect and that without a defect the mere presence of moisture or water present as a result of patrons tracking in slush or water is insufficient to support a count for negligence. On this fact situation we disagree.
Numerous cases were cited in the judge’s decision correctly stating the law regarding negligence as it relates to slip and falls on commercial premises following ice and snow accumulations. As stated in his decision: “Generally the law offers little hospitality to the claims of those injured outside or inside premises through natural accumulations or migrations of snow, ice or rain.” The decision later cites: Aylward v. McCloskey, 412 Mass. 77 (1992); Collins v. Collins, 301 Mass. 151 (1938); Athas v. United States, 904 F.2d 79 (1st Cir. 1990); Phipps v. Aptucxet Post #5988 V.F.W. Association, Inc., 7 Mass. App. Ct. 928 (1979); Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass. App. Ct. 750 (1975); all of which support the judge’s understanding of the law’s lack of hospitality to falls on ice and snow as the foreign substance.
The evidence in White’s slip and fall at the Juke Box would resemble more the facts in the Massachusetts Appeals Court case Thurlow v. Shaw’s Supermarkets, 49 Mass. App. Ct. 175 (2000). There the Appeals Court was faced with a similar challenge to the sufficiency of the evidence to support a finding of negligence. At page 176, supra, the Court cited Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165 (1973): “One who controls business premises has an obligation to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know. Any foreign substance, if unéxpectedly encountered by a customer or other invitee on a floor, step, or walkway, can constitute a risk for purposes of imposing liability.” In Thurlow, supra, liability depends upon the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and, in general the likelihood that they would become aware of the condition in the normal performance of their duties. Citing Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).
In another case decided by this Appellate Division, Ruth Anderson v. Ro-Jack’s Food Stores, Inc., 2001 Mass. App. Div 41, 42, this court found that although the trial judge did not malee a finding of how long the foreign substance (lettuce) had been on the floor, “the trial testimony amply supported the trial judge’s finding that Rojack’s knew of the condition... but failed to monitor or warn customers of the hazard.”
*131 In the present case, the Court found that Juke Box’s customers were ingesting alcoholic beverages that may have lessened their ordinary instincts and capacities for perceiving and avoiding danger. Its knowledge of the customers’ activities regarding alcohol compelled a duty and obligation to warn the patrons of the wet condition of the stairs. The Court found the posting of warnings to be a reasonable measure for the safety of Juke Box’s customers.
We agree, therefore, with the trial judge’s findings which have detailed and explained the duty owed to White under all of the circumstances concerning weather, alcohol, stairs, employee knowledge and have concluded that their Mure to warn White supports a finding of negligence. Appellate Courts may not disregard or set aside a trial judge’s findings unless they are clearly erroneous. See Mass. R. Civ. P., Rule 52(a), as amended, 423 Mass. 1402 (1996). Thurlow v. Shaw’s, supra.
2. In view of our decision on Juke Box’s appeal under Count I, there being nothing further to be gained by White even with a favorable judgment under Count n, White’s appeal is deemed waived. Accordingly, this appeal is dismissed.
So ordered.